UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RICHARD ALEXANDER WILLIAMS,**

**Plaintiff,**

Case No.

v.

**FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC f/k/a LEXISNEXIS SCREENING SOLUTIONS, INC., RENT-A-CENTER EAST, INC., and WINN-DIXIE STORES, INC.,**

**Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RICHARD ALEXANDER WILLIAMS ("WILLIAMS"), sues Defendants, FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC. formerly known as LEXISNEXIS SCREENING SOLUTIONS, INC. ("SCREENING SOLUTIONS"), RENT-A-CENTER EAST, INC. ("RENT-A-CENTER"), and WINN-DIXIE STORES, INC. ("WINN-DIXIE"), and alleges:

### Introductory Allegations

1. This is an action for violations of the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §1681 et. seq.) and for costs and attorney's fees. In enacting the FCRA, Congress found "a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 168l(a)(4). Congress enacted the FCRA in order:

> to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with

regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.

15   U.S.C. §1681(b).

2. WILLIAMS lost at least two opportunities for employment after SCREENING SOLUTIONS wrongfully, repeatedly, and in violation of the procedures required by the FCRA, matched him with an individual named Ricky Williams, a convicted felon who had been convicted of criminal acts including burglary and assault and battery on a pregnant woman and included this match in a background report.  This error was due to SCREENING SOLUTIONS' failure to follow "reasonable procedures to assure maximum possible accuracy" of its consumer reports as mandated by 15 U.S.C. §1681e(b).  SCREENING SOLUTIONS also improperly inserted previously deleted information in the credit file SCREENING SOLUTIONS created and maintained relating to WILLIAMS in violation of by 15 U.S.C. §1681i(a)(5)(B).  Based on this wrongful match, SCREENING SOLUTIONS, which was also hired by RENT-A-CENTER and WINN-DIXIE to go beyond the functions of a credit reporting agency to make decisions about the hiring of WILLIAMS, determined that he was ineligible for employment with RENT-A-CENTER and WINN-DIXIE.

3. SCREENING SOLUTIONS further violated the Fair Credit Reporting Act by not providing WILLIAMS with the background report containing the match between WILLIAMS and Ricky Williams and with a written description of his rights under the FCRA *before* using such information to take the adverse action of determining that he was ineligible for employment. SCRREENING SOLUTIONS thereby deprived WILLIAMS of an opportunity to dispute the erroneous match with Ricky Williams before it took the adverse action of judging him to be ineligible for employment.  This was in violation of 15 U.S.C. §1681b(b)(3).

4. Moreover, both RENT-A-CENTER and WINN-DIXIE made the decision not to hire WILLIAMS based on SCREENING SOLUTIONS' determination that WILLIAMS was ineligible for employment. Attempts by WILLIAMS to communicate the fact that he was not Ricky Williams were futile as both RENT-A-CENTER and WINN-DIXIE refused to consider such communications as they had already made the decision not to hire him. As the decision not to hire WILLIAMS was a fait accompli once SCREENING SOLUTIONS made the determination that WILLIAMS was ineligible for employment, RENT-A-CENTER and WINN-DIXIE effectively took the adverse action of determining not to hire WILLIAMS *before* providing WILLIAMS with the consumer report on which it was based or a written description of his rights under the FCRA and giving him a real opportunity to dispute the erroneous match between himself and Ricky Williams in violation of §1681b(b)(3).

### Parties/Jurisdiction/Venue

5. This court has jurisdiction of this action pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331 in that all claims brought arise under the FCRA.

6. WILLIAMS is a natural person and a United States citizen and is and, at all material times, was a resident of Levy County, Florida, and is otherwise sui juris. WILLIAMS graduated from St. Leo University with a Bachelor of Arts degree in criminal justice and has lived his whole life at the same address in Chiefland, Levy County, Florida.

7. WILLIAMS is a consumer within the meaning of 15 U.S.C. §1681a(c) in that he was, at all material times, and is, an individual.

8. SCREENING SOLUTIONS is a foreign corporation that is authorized to, and doing business in, Levy County, Florida in the federal Northern District of Florida.

9. SCREENING SOLUTIONS is a consumer reporting agency, as defined in 15 U.S.C. §1681a(f) because it:

> for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

10. RENT-A-CENTER EAST, INC. is a foreign corporation that is authorized to, and doing business in, Levy County, Florida in the federal Northern District of Florida.

11. WINN-DIXIE is a Florida corporation that is authorized to, and doing business in, Alachua County, Florida in the federal Northern District of Florida.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to WILLIAMS' claims occurred in the federal Northern District of Florida and one or more of the Defendants "resides" in the Northern District of Florida.

**Factual Allegations Relating to Application to RENT-A-CENTER**

13. On or about February 20, 2012, WILLIAMS applied for a position with "RENT-A-CENTER at its store in Chiefland in Levy County, Florida.

14. RENT-A-CENTER contracted with SCREENING SOLUTIONS to perform background checks of prospective employees and prepare a "background report" of the information gathered and to, based on that background report, make a judgment to determine whether a prospective employee was eligible for employment. A judgment of ineligibility for employment by SCREENING SOLUTIONS was tantamount to a decision not to hire the prospective employee by RENT-A-CENTER.

15. On or about February 28, 2012, SCREENING SOLUTIONS determined that WILLIAMS was "ineligible" for employment using the background report it prepared which was based on the

4

consumer file it created and maintained relating to WILLIAMS in which it had matched WILLIAMS with a Ricky Williams who was arrested for selling cocaine in Palm Beach County in 2009 and for whom there was an outstanding bench warrant.

16. SCREENING SOLUTIONS provided this background report and determination of ineligibility for employment to RENT-A-CENTER on February 28, 2012. WILLIAMS is informed and believes that SCREENING SOLUTIONS provided this report to RENT-A-CENTER immediately, by electronic means, on that date.

17. On its website, SCREENING SOLUTION touts its "unmatched global [background] screening expertise." However, SCREENING SOLUTIONS made the erroneous match between WILLIAMS and Ricky Williams and Ricky Williams' arrest and bench warrant and determined that he was ineligible for employment with RENT-A-CENTER despite the fact that: (i) in 2009, WILLIAMS lived in Chiefland, Levy County, Florida which is approximately 300 miles away from Palm Beach County, Florida; (ii) that RICHARD and Ricky are different first names; (iii) that WILLIAMS used his middle name of Alexander or a middle initial "A" in any public records he completed and no middle name or middle initial appears in the criminal records for Ricky Williams by which SCREENING SOLUTIONS made the match with WILLIAMS; (iv) that "Williams" is a common name; and (v) that SCREENING SOLUTIONS had no indication of a match of social security numbers for the two persons. These are things that SCREENING SOLUTIONS could have reviewed to easily determine that WILLIAMS was not Ricky Williams.

18. WILLIAMS is not the Ricky Williams to whom he is matched in the background report prepared by SCREENING SOLUTIONS and he has never been arrested for selling cocaine in Palm Beach County or anywhere else and is not the subject of an outstanding bench warrant.

19. SCREENING SOLUTIONS also provided WILLIAMS with notice of its providing the erroneous match of WILLIAMS with Ricky Williams and his arrest for selling cocaine and bench warrant to RENT-A-CENTER. However, unlike the background report to RENT-A-CENTER which WILLIAMS believes was delivered immediately by electronic means, this notice to WILLIAMS was sent on February 28, 2012 by regular mail and received several days later. See Exhibit "A" attached hereto.

20. On February 28, 2012, SCREENING SOLUTIONS, as agent for RENT-A-CENTER, also provided WILLIAMS with a copy of the erroneous background report it provided to RENT-A-CENTER determining that WILLIAMS was ineligible for employment and indicating the erroneous match to Ricky Williams and his arrest record along with a cover letter/notice on what appeared to be RENT-A-CENTER's letterhead. Thus, this correspondence purported to be on behalf of RENT-A-CENTER but was actually sent by SCREENING SOLUTIONS. Included with this notice was a written description of a consumer's right under the FCRA. A copy of this notice is attached hereto as Exhibit "B." This notice was sent via regular mail and received several days later even though, again, WILLIAMS believes that the erroneous background report was delivered immediately by electronic means to RENT-A-CENTER on February 28, 2012. Thus, by the time WILLIAMS actually received this notice it was several days after the adverse action taken on or about February 28, 2012.

21. This notice stated that "LexisNexis Screening Solutions did not make this employment decision…." However, this statement was false and deceptive as SCREENING SOLUTIONS had determined that WILLIAMS was ineligible for employment.

22. It was not until receiving the above-referenced report and notices days after February 28, 2012, that WILLIAMS first discovered that SCREENING SOLUTIONS had erroneously

6

determined that he was ineligible for employment and matched him with Ricky Williams and his arrest record and outstanding bench warrant.

23. After receiving the above-referenced erroneous background report and notices, WILLIAMS promptly contacted SCREENING SOLUTIONS to dispute the erroneous match, advising SCREENING SOLUTIONS that he was not Ricky Williams and had not been arrested for selling cocaine in 2009 nor was he the subject of a bench warrant.

24. Based on SCREENING SOLUTIONS' February 28, 2012 determination that WILLIAMS was ineligible for employment, RENT-A-CENTER decided not to hire him. RENT-A-CENTER ignored the fact that WILLIAMS had disputed the improper match with Ricky Williams and that dispute was futile as the decision not to hire WILLIAMS was a fait accompli once SCREENING SOLUTIONS made the determination that WILLIAMS was ineligible for employment. Indeed, Sylvia Bazan, an employee of RENT-A-CENTER in its Human Resources department, expressed doubt when WILLIAMS told her he was not the Ricky Williams in the report. Therefore, the February 28, 2012 determination that WILLIAMS was ineligible for employment was tantamount to a decision by RENT-A-CENTER not to hire him.

25. WILLIAMS had progressed through several stages of the employment application process with RENT-A-CENTER, including having had an interview. WILLIAMS is informed and believes that, but for the erroneous match made by SCREENING SOLUTIONS between WILLIAMS and Ricky Williams and his arrest record and bench warrant along with SCREENING SOLUTIONS' adjudication of WILLIAMS as ineligible for employment, he would have been hired by RENT-A-CENTER. See an E-mail sent by SCREENING SOLUTIONS on behalf of RENT-A-CENTER dated February 20, 2012 congratulating him on "being selected for the next step towards a great career with RENT-A-CENTER" and requesting such drug test attached hereto

7

as Exhibit "C." However, after it received SCREENING SOLUTIONS erroneous determination that WILLIAMS was not eligible for employment, Ms. Bazan told WILLIAMS he did not have sufficient experience to be qualified. WILLIAMS believes this statement was false and pretextual in that, as was its practice, RENT-A-CENTER only requested a background report and determination from SCREENING SOLUTIONS after it, or its agents, determined WILLIAMS was otherwise qualified. Due to the actions of SCREENING SOLUTIONS, instead of being gainfully employed by RENT-A-CENTER, WILLIAMS was unemployed.

26. On or about March 14, 2012, SCREENING SOLUTIONS removed the match between WILLIAMS and Ricky Williams and his arrest and bench warrant in the consumer file it created and maintained relating to WILLIAMS. See correspondence from SCREENING SOLUTIONS to WILLIAMS attached hereto as Exhibit "D."

## Factual Allegations Relating to Application to WINN-DIXIE

27. On or about April 23, 2013, WILLIAMS applied to WINN-DIXIE for a position as a "liquor store team member" at its store in Gainesville, Alachua County, Florida.

28. Like the earlier situation with RENT-A-CENTER, WILLIAMS progressed through several stages of the application process including an interview and had, subject to submission of satisfactory proof of his identity, submission of satisfactory proof that he was legally authorized to work in the United States, and successful completion of a drug test and background check, been hired for such position.

29. Unfortunately, like RENT-A-CENTER, WINN-DIXIE also contracted with SCREENING SOLUTIONS to perform background checks of prospective employees and prepare a "background report" of the information gathered and based on that background report, make a judgment whether a prospective employee was eligible for employment. A judgment of ineligibility for employment

by SCREENING SOLUTIONS was tantamount to a decision not to hire the prospective employee by WINN-DIXIE.

30. Again, on its website, SCREENING SOLUTIONS touts its "unmatched global [background] screening expertise." However, despite that fact that: (i) because of the prior notification by WILLIAMS, SCREENING SOLUTIONS knew that there is an individual who had been arrested for committing a felony and for whom there was an outstanding warrant with the same last name and the same birthdate as WILLIAMS named Ricky Williams and that the two should not be matched because they were not the same person; (ii) that WILLIAMS and Ricky Williams use different first names; (iii) that WILLIAMS used his middle name of Alexander or a middle initial "A" in any public records he filled out and there was no middle name or middle initial for Ricky Williams used appearing in the criminal records which SCREENING SOLUTIONS used to match him with WILLIAMS; (iv) that "Williams" is a common name; (v) that SCREENING SOLUTIONS had no indication of a match of social security numbers for the two persons; and (vi) that SCREENING SOLUTIONS, seemingly, based on what was listed in the Clerk of the Court's records, in the consumer file it created and maintained relating to WILLIAMS, indicated a Delray Beach, Palm Beach County address for Ricky Williams whereas WILLIAMS had always lived in Chiefland, Levy County, Florida which is approximately 300 miles away from Delray Beach, SCREENING SOLUTIONS again had erroneously matched WILLIAMS with Ricky Williams based only on them having the same last name and date of birth.

31. SCREENING SOLUTIONS determined WILLIAMS ineligible for employment using the background report it prepared which was based on the consumer file it created and maintained relating to WILLIAMS in which it had matched WILLIAMS with Ricky Williams who had been convicted of burglary and aggravated battery on a pregnant woman in Broward County in 2004.

9

Curiously, this conviction occurred approximately five years before the arrest of Ricky Williams SCREENING SOLUTIONS had reported to RENT-A-CENTER over a year earlier, yet this conviction did not appear in the background report SCREENING SOLUTIONS prepared for RENT-A-CENTER.

32. SCREENING SOLUTIONS provided this background report and determination of ineligibility for employment to WINN-DIXIE on April 25, 2013.  WILLIAMS is informed and believes that SCREENING SOLUTIONS provided this report to WINN-DIXIE immediately, by electronic means, on April 25, 2013.

33. WILLIAMS is not the Ricky Williams to whom he was matched in this background report prepared by SCREENING SOLUTIONS and has never been convicted of burglary or aggravated battery on a pregnant woman or anyone else.

34. SCREENING SOLUTIONS provided WILLIAMS with notice of its providing the erroneous match of WILLIAMS with Ricky Williams and his conviction for burglary and aggravated battery on a pregnant woman in Broward County in 2004 to WINN-DIXIE.  However, unlike the background report to WINN-DIXIE, which WILLIAMS believes was delivered immediately by electronic means, this notice was sent to WILLIAMS on April 25, 2013 by regular mail and it arrived several days later.  See Exhibit "E" attached hereto.

35. On April 25, 2013, SCREENING SOLUTIONS, as agent for WINN-DIXIE, also provided WILLIAMS with a copy of the erroneous report it provided to WINN-DIXIE adjudicating RICHARD A. WILLIAMS ineligible for employment along with a cover letter/notice on what appeared to be WINN-DIXIE's letterhead.  Thus, this correspondence purported to be on behalf of WINN-DIXIE but was actually sent by SCREENING SOLUTIONS.  Included with this notice was a written description of a consumer's right under the FCRA.  A copy of this notice is attached

hereto as Exhibit "F." This notice was sent via regular mail on April 25, 2013 even though, again, WILLIAMS believes that the erroneous background report was delivered immediately on that same date by electronic means to WINN-DIXIE. Therefore, WILLIAMS did not receive the notice until several days after the adverse action taken as to him on or about April 25, 2013.

36. The notice stated that "LexisNexis did not participate in any placement decision at Winn-Dixie…" However, this statement was false and deceptive as SCREENING SOLUTIONS had determined that WILLIAMS was ineligible for employment.

37. It was not until WILLIAMS received the above-referenced background report and notices, days after April 25, 2013, that WILLIAMS first discovered that SCREENING SOLUTIONS had again erroneously determined that he was ineligible for employment and matched him with Ricky Williams, this time with his conviction for burglary and battery on a pregnant woman.

38. On May 2, 2013, shortly after receiving notice of the erroneous background report matching him with Ricky William's conviction for burglary and aggravated battery on a pregnant woman in Broward County in 2004, WILLIAMS contacted SCREENING SOLUTIONS to dispute the erroneous match advising SCREENING SOLUTIONS that he was not Ricky Williams and had not been convicted for burglary and aggravated battery on a pregnant woman in Broward County in 2004.

39. Based on SCREENING SOLUTIONS April 25, 2013 determination that WILLIAMS was ineligible for employment, WINN-DIXIE decided not to hire him. WINN-DIXIE ignored the fact that WILLIAMS had disputed the improper match with Ricky Williams and that dispute was futile as the decision not to hire WILLIAMS was a fait accompli once SCREENING SOLUTIONS made the determination that WILLIAMS was ineligible for employment. Therefore, the April 25, 2013

determination that WILLIAMS was ineligible for employment was tantamount to a decision by WINN-DIXIE not to hire him.

40. WILLIAMS is informed and believes that, but for the erroneous match made by SCREENING SOLUTIONS between Ricky Williams and his conviction for burglary and aggravated battery on a pregnant woman in Broward County in 2004 and SCREENING SOLUTIONS' adjudication of him as ineligible for employment, he would have been hired by WINN-DIXIE. Indeed, on April 23, 2013, WINN-DIXIE sent WILLIAMS an E-mail welcoming him as an employee to its "WINN-ing team!" A copy of this E-mail from WINN-DIXIE is attached hereto as Exhibit "G." WILLIAMS would have had no difficulty submitting satisfactory proof of his identity, submitting satisfactory proof that he was legally authorized to work in the United States, passing a drug test and, if no errors were made, "passing" a background check as required to finalize his being hired by WINN-DIXIE.

41. On or about May 28, 2013, SCREENING SOLUTIONS removed the match between WILLIAMS and Ricky Williams and his 2004 conviction in its consumer file for WILLIAMS. See correspondence from SCREENING SOLUTIONS to WILLIAMS attached hereto as Exhibit "H."

42. The background reports attached hereto as Exhibits "B" and "F" are "consumer reports" within the meaning of 15 U.S.C. §1681a(d) in that they each were a:

> written…communication of any information by a consumer reporting agency bearing on a consumer's…character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for…(B) employment purposes

43. WILLIAMS has fulfilled all conditions precedent to the bringing of the action.

44. WILLIAMS has been required to retain the undersigned attorneys and is obligated to pay them reasonable attorneys' fees and costs.

### Count I – Violation of 15 U.S.C. §1681e(b) by SCREENING SOLUTIONS

45. WILLIAMS realleges and incorporates by reference the allegations contained in paragraphs 1 through 8 and 11 through 44, above.

46. SCREENING SOLUTIONS made the matches between WILLIAMS and Ricky Williams based only on last name and date of birth.

47. In incorporating matches based only on last name and birthdate between WILLIAMS and Ricky Williams in its background reports while ignoring many easily reviewed identifying criteria which differentiated WILLIAMS from Ricky Williams and, as to the background report to WINN-DIXIE, ignoring the prior notice that Ricky Williams was not WILLIAMS, SCREENING SOLUTIONS violated 15 U.S.C. §1681e(b) by preparing consumer reports relating to WILLIAMS without following reasonable procedures to assure maximum possible accuracy of the information concerning WILLIAMS.

48. SCREENING SOLUTIONS willfully violated 15 U.S.C. §1681e(b) in that its actions were in reckless disregard of the requirements of this provision. Thus, SCREENING SOLUTIONS is liable for punitive damages pursuant to 15 U.S.C. §1681n.

49. In the alternative, SCREENING SOLUTIONS negligently violated 15 U.S.C. §1681e(b), which entitles WILLIAMS to a recovery under 15 U.S.C. §1681o.

50. SCREENING SOLUTIONS' violations of the Fair Credit Reporting Act have caused great and irreparable injury to WILLIAMS. WILLIAMS has suffered damages including, but not limited to, loss of prospective employment and wages and benefits, lost economic opportunities and positions and advances in the future, damage to his reputation, humiliation, physical pain and

suffering, emotional distress, lasting psychological damage, mental anguish, loss of capacity for enjoyment of life, embarrassment, and other losses that are continuing in nature.

WHEREFORE, pursuant to 15 U.S.C. §§ 1681n and o, WILLIAMS demands the entry of judgment against SCREENING SOLUTIONS for damages including punitive and/or exemplary damages, costs, pre and post judgment interest, attorney's fees and such other relief as the court may deem necessary and appropriate.

### Count II – Violation of 15 U.S.C. §1681i(a)(5)(B) by SCREENING SOLUTIONS

51. WILLIAMS realleges and incorporates by reference the allegations contained in paragraphs 1 through 8 and 11 through 44, above.

52. SCREENING SOLUTIONS violated 15 U.S.C. §1681i(a)(5) by:

A. reinserting the match between WILLIAMS and Ricky Williams in WILLIAMS' consumer file after it had deleted the match without a furnisher of said information certifying that the information is complete and accurate in violation of 15 U.S.C. §1681i(a)(5)(B)(i);

B. failing to notify WILLIAMS of the reinsertion of the match between WILLIAMS and Ricky Williams in his consumer file within five business days after said reinsertion in violation of 15 U.S.C. §1681i(a)(5)(B)(Ii) and (iii);

C. failing to maintain reasonable procedures designed to prevent the reappearance in WILLIAMS' consumer file, and in the background reports relating to WILLIAMS based on that consumer file, of the previously deleted match between WILLIAMS and Ricky Williams in violation of §1681i(a)(5)(C).

53. SCREENING SOLUTIONS willfully violated 15 U.S.C. §1681e(b) in that its actions were in reckless disregard of the requirements of this provision. Thus, SCREENING SOLUTIONS is liable for punitive damages pursuant to 15 U.S.C. §1681n.

54. In the alternative, SCREENING SOLUTIONS negligently violated 15 U.S.C. §1681e(b), which entitles WILLIAMS to a recovery under 15 U.S.C. §1681o.

55. SCREENING SOLUTIONS' violations of the Fair Credit Reporting Act have caused great and irreparable injury to WILLIAMS. WILLIAMS has suffered damages including, but not limited to, loss of prospective employment and wages and benefits, lost economic opportunities and positions and advances in the future, damage to his reputation, humiliation, physical pain and suffering, emotional distress, lasting psychological damage, mental anguish, loss of capacity for enjoyment of life, embarrassment, and other losses that are continuing in nature.

WHEREFORE, pursuant to 15 U.S.C. §§ 1681n and o, WILLIAMS demands the entry of judgment against SCREENING SOLUTIONS for damages including punitive and/or exemplary damages, costs, pre and post judgment interest, attorney's fees and such other relief as the court may deem necessary and appropriate.

### Count III – Violation of 15 U.S.C §1681b(b)(3)(A) by SCREENING SOLUTIONS, RENT-A-CENTER, and WINN-DIXIE

56. WILLIAMS realleges and incorporates by reference the allegations contained in paragraphs 1 through 44, above.

57. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer to whom the report relates a copy of the consumer report and a written description of

15

the rights of a consumer under the FCRA *before* taking such adverse action.   15 U.S.C. §1681b(b)(3)(A).

58. An "adverse action" under 15 U.S.C. §1681b(b)(3)(A) includes "any…decision for employment purposes …that adversely affects any…prospective employees."   15 U.S.C. §1681a(k)(1)(B)(ii).  Alternatively, an adverse action is an action taken or determination is made in connection with an employment application made by consumer and adverse to the interest of the consumer within the meaning of 15 U.S.C. §1681a(k)(B)(iv).

59. Under the FCRA, a "person" includes a corporation under 15 U.S.C. §1681a(a).

60. SCREENING SOLUTIONS was hired by RENT-A-CENTER and WINN-DIXIE to go beyond the functions of a credit reporting agency to make decisions about the hiring of WILLIAMS.

61. In addition to being a "consumer reporting agency, SCREENING SOLUTIONS was also a "person" who took an adverse action relating to WILLIAMS when it determined that WILLIAMS was "ineligible" for employment.

62. The notices and reports SCREENING SOLUTIONS sent to WILLIAMS on February 28, 2012 and April 25, 2013 on behalf of RENT-A-CENTER and WINN-DIXIE were sent *after* SCREENING SOLUTIONS had already taken the adverse action of finding him ineligible for employment.  Therefore, SCREENING SOLUTIONS took adverse action before providing WILLIAMS with the consumer report on which it was based or a written description of his rights under the FCRA thereby denying him the opportunity to dispute the erroneous match between himself and Ricky Williams before being denied employment in violation of §1681b(b)(3).

63. RENT-A-CENTER and WINN-DIXIE were "persons" who took adverse action relating to WILLIAMS when they determined not to hire him.

64. Both RENT-A-CENTER and WINN-DIXIE made their decisions not to hire WILLIAMS based on SCREENING SOLUTIONS' determination that WILLIAMS was ineligible for employment. Attempts by WILLIAMS to communicate that he was not Ricky Williams were futile as both RENT-A-CENTER and WINN-DIXIE refused to consider such communications as the decision not to hire WILLIAMS was a fait accompli once SCREENING SOLUTIONS made the determination that WILLIAMS was ineligible for employment. Therefore, RENT-A-CENTER and WINN-DIXIE effectively took the adverse action of determining not to hire WILLIAMS *before* providing WILLIAMS with the consumer report on which it was based or a written description of his rights under the FCRA thereby denying him a real opportunity to dispute the erroneous match between himself and Ricky Williams before being denied employment in violation of §1681b(b)(3).

65. These violations of the FCRA were willful or, in the alternative, were negligent.

66. SCREENING SOLUTIONS', RENT-A-CENTER'S, and WINN-DIXIE'S violations of the Fair Credit Reporting Act have caused great and irreparable injury to WILLIAMS. WILLIAMS has suffered damages including, but not limited to, loss of prospective employment and wages and benefits, lost economic opportunities and positions and advances in the future, damage to his reputation, humiliation, physical pain and suffering, emotional distress, lasting psychological damage, mental anguish, loss of capacity for enjoyment of life, embarrassment, and other losses that are continuing in nature.

WHEREFORE, pursuant to 15 U.S.C. §§ 1681n and o, WILLIAMS demands entry of judgment against SCREENING SOLUTIONS, RENT-A-CENTER, and WINN-DIXIE for damages including exemplary and/or punitive damages, costs, pre and post judgment interest, and attorney's fees and such other relief as the court may deem necessary and appropriate.

**Demand for Jury Trial**

WILLIAMS demands a trial by jury of all issues so triable.

           **BARRY S. BALMUTH, P.A.**

By: **/s/ Barry S. Balmuth**
**BARRY S. BALMUTH**
**Board Certified Civil Trial and**
**Business Litigation Lawyer**
Counsel for the Plaintiff
Centurion Tower - Eleventh Floor
1601 Forum Place, Suite 1101
West Palm Beach, Florida 33401
(561) 242-9400 Telephone
(561) 478-2433 Facsimile
balmuthlaw@alum.emory.edu


**/s/ Michael Massey**
Fla. Bar No. 153680
Massey & Duffy
855 E. Univ. Ave.
Gainesville, FL 32601
352-505-8900
Massey@352law.com