UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RICHARD ALEXANDER WILLIAMS,

      Plaintiff,

vs.                                 Case No. 1:13-cv-00222-MW-GRJ

FIRST ADVANTAGE LNS SCREENING
SOLUTIONS, INC., f/k/a LEXISNEXIS
SCREENING SOLUTIONS, INC., RENT-A-
CENTER EAST, INC., and WINN-DIXIE
STORES, INC.,

      Defendants.

_____/

## DEFENDANT WINN-DIXIE STORES, INC.'S ANSWER AND DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, WINN-DIXIE STORES, INC. ("WINN-DIXIE"), by and through its undersigned attorneys, files its answer and defenses to Plaintiff RICHARD ALEXANDER WILLIAMS' ("WILLIAMS") Complaint and Demand for Jury Trial (the "Complaint") and states as follows:

### Introductory Allegations

1.      To the extent Paragraph 1 of the Complaint purports to summarize the purpose of the Fair Credit Reporting ("FCRA"), no answer is required. To the extent any answer is required, WINN-DIXIE admits that WILLIAMS brings this action pursuant to the FCRA, but denies that WINN-DIXIE violated the FCRA and denies that WILLIAMS has any cause of action or claim for attorney's fees and costs against WINN-DIXIE.

2.      WINN-DIXIE denies that it hired Defendant FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC. ("SCREENING SOLUTIONS") to go beyond the functions

of a credit reporting agency to make decisions about the hiring of WILLIAMS, or that SCREENING SOLUTIONS determined that WILLIAMS was ineligible for employment with WINN-DIXIE. WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 2 and therefore denies the allegations.

3.      WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the allegations.

4.      In response to Paragraph 4, WINN-DIXIE denies that: it made the decision not to hire WILLIAMS based on SCREENING SOLUTIONS' determination that WILLIAMS was ineligible for employment (which determination SCREENING SOLUTIONS did not make); it refused to consider any attempted communications from WILLIAMS because it had already made the decision not to hire him; the decision not to hire WILLIAMS was "a fait accompli" once SCREENING SOLUTIONS made the determination that WILLIAMS was ineligible for employment (which determination SCREENING SOLUTIONS did not make); it "effectively took the adverse action" of determining not to hire WILLIAMS before providing WILLIAMS with the consumer report on which it was based or a written description of his rights under the FCRA and giving him a real opportunity to dispute the allegedly erroneous match between himself and Ricky WILLIAMS in violation of §1681b(b)(3). WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 4 and therefore denies the allegations.

**Parties/Jurisdiction/Venue**

5.      In response to Paragraph 5, WINN-DIXIE admits that this Court has jurisdiction of this matter, but denies that WILLIAMS has any claim against WINN-DIXIE.

6.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the allegations.

7.     WINN-DIXIE admits Paragraph 7.

8.     Based upon information and belief, WINN-DIXIE admits Paragraph 8.

9.     Based upon information and belief, WINN-DIXIE admits Paragraph 9.

10.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the allegations.

11.     WINN-DIXIE admits Paragraph 11.

12.     In response to Paragraph 12, WINN-DIXIE does not contest venue but denies that the events or omissions WILLIAMS alleges occurred and/or denies that they give rise to a cause of action against WINN-DIXIE. WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 12 as they relate to other Defendants and therefore denies the allegations.

13.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the allegations.

14.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the allegations.

15.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the allegations.

16.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the allegations.

17.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the allegations.

18.     In response to Paragraph 18 of the Complaint, and to the extent this allegation is directed to WINN-DIXIE, WINN-DIXIE admits that it learned after it had withdrawn the job offer to Plaintiff and filled the position for which Plaintiff applied that Plaintiff was not the Ricky Williams referenced in the initial report from Screening Solutions sent to WINN-DIXIE, but is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore denies the allegations.

19.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the allegations.

20.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the allegations.

21.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the allegations.

22.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the allegations.

23.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies the allegations.

24.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the allegations.

25.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies the allegations.

26.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the allegations.

27.     In response to Paragraph 27, WINN-DIXIE admits that WILLIAMS submitted an on-line application for a liquor store team member position in its store located in Gainesville, Florida on or about April 4, 2013. WINN-DIXIE denies the remainder of the allegations in Paragraph 27.

28.     In response to Paragraph 28, WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations concerning RENT-A-CENTER EAST, INC. ("RENT-A-CENTER") and therefore denies the allegations, including the allegations that anything alleged against WINN-DIXIE is "like" the situation alleged against RENT-CENTER. WINN-DIXIE further denies that WILLIAMS progressed through several stages of the application process. WINN-DIXIE admits that it made a conditional offer of employment to WILLIAMS on or about April 23, 2013, after he applied and interviewed for the position, and that the offer was conditioned on WILLIAMS' passing a criminal background check and drug test and presenting satisfactory proof of his identity and that he was legally authorized to work in the United States.

29.     In response to Paragraph 29, WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations concerning RENT-A-CENTER and therefore denies the allegations, including the allegations that anything alleged against WINN-DIXIE is "like" the situation alleged against RENT-CENTER. WINN-DIXIE admits that it contracted with SCREENING SOLUTIONS to perform background checks of prospective employees and report its findings to WINN-DIXIE. WINN-DIXIE denies the remainder of the allegations in Paragraph 29.

30.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the allegations.

31.    WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies the allegations.

32.    In response to Paragraph 32, WINN-DIXIE admits that SCREENING SOLUTIONS provided a background report to WINN-DIXIE by electronic means on April 25, 2013. WINN-DIXIE denies that SCREENING SOLUTIONS provided a determination of ineligibility for employment to WINN-DIXIE. WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 32 and therefore denies the allegations.

33.    In response to Paragraph 33 of the Complaint, WINN-DIXIE admits that it learned after it had withdrawn the job offer to Plaintiff and filled the position for which Plaintiff applied that Plaintiff was not the Ricky Williams referenced in the initial report from Screening Solutions sent to WINN-DIXIE, but is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore denies the allegations.

34.    WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies the allegations.

35.    In response to Paragraph 35, WINN-DIXIE admits that SCREENING SOLUTIONS, on WINN-DIXIE's behalf, mailed a letter to WILLIAMS dated April 25, 2013, notifying him that WINN-DIXIE received a consumer report that "may adversely affect your placement at WINN-DIXIE," notifying him that LexisNexis did not participate in any placement decision at WINN-DIXIE, and enclosing a copy of his rights under the FCRA as well as notifying him of his right to dispute the accuracy of the information in the report, and that a copy of the correspondence is attached as Exhibit F to the Complaint. WINN-DIXIE denies that SCREENNING SOLUTIONS provided a determination of ineligibility for employment to

6

WINN-DIXIE and/or that the copy of the report it provided to WILLIAMS on behalf of WINN-DIXIE adjudicated WILLIAMS ineligible for employment. WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 35 and therefore denies the allegations.

36.     In response to Paragraph 36, WINN-DIXIE admits that the notice informed WILLIAMS that "LexisNexis did not participate in any placement decision at WINN-DIXIE...." WINN-DIXIE denies the remaining of the allegations of Paragraph 36 of the Complaint.

37.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the allegations.

38.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies the allegations.

39.     WINN-DIXIE denies the allegations in Paragraph 39.

40.     In response to Paragraph 40, WINN-DIXIE admits that it sent the conditional offer of employment attached as Exhibit G to the Complaint and that it says what it says, and that WINN-DIXIE would have hired WILLIAMS if he had met all the conditions stated therein. WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 40 and therefore denies the allegations.

41.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies the allegations.

42.     The allegations in Paragraph 42 state a legal conclusion to which no response is required.

43.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies the allegations.

44.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies the allegations.

<u>**Count I – Claim against SCREENING SOLULTIONS**</u>

45.     In response to Paragraph 45, WINN-DIXIE incorporates by reference its answers to Paragraphs 1 through 8 and 11 through 44 above.

46.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 46, 47, 48, 49, and 50 and therefore denies the allegations.

<u>**Count II – Claim against SCREENING SOLULTIONS**</u>

47.     In response to Paragraph 51, WINN-DIXIE incorporates by reference its answers to Paragraphs 1 through 8 and 11 through 44 above.

48.     WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations in Paragraph 52, 53, 54, and 55 and therefore denies the allegations.

<u>**Count III – Claim against SCREENING SOLULTIONS,<br>RENT-A-CENTER and WINN-DIXIE**</u>

49.     In response to Paragraph 56 of the Complaint, WINN-DIXIE incorporates by reference its answers to Paragraphs 1 through 44 above.

50.     Paragraph 57 purports to summarize the FCRA's provisions and does not require a response. To the extent a response is required, WINN-DIXIE denies Plaintiff's characterization of the statute's provisions.

51.     Paragraph 58 purports to summarize the FCRA's provisions and does not require a response. To the extent a response is required, WINN-DIXIE denies Plaintiff's characterization of the statute's provisions.

52.     WINN-DIXIE admits Paragraph 59.

53.     WINN-DIXIE denies Paragraph 60.

54.     WINN-DIXIE denies Paragraph 61.

55.     WINN-DIXIE denies Paragraph 62.

56.     WINN-DIXIE denies Paragraph 63 with regard to the allegations against it. WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations concerning RENT-A-CENTER.

57.     WINN-DIXIE denies Paragraph 64 with regard to the allegations against it. WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations concerning RENT-A-CENTER.

58.     WINN-DIXIE denies Paragraph 65 with regard to the allegations against it. WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations concerning RENT-A-CENTER.

59.     WINN-DIXIE denies Paragraph 66 with regard to the allegations against it. WINN-DIXIE lacks knowledge and belief sufficient to form a belief as to the truth of the allegations concerning RENT-A-CENTER or SCREENING SOLUTIONS.

## AFFIRMATIVE DEFENSES

WINN-DIXIE asserts the below affirmative defenses, but does not assume the burden of proving any fact, issue or element where such burden properly rests with WILLIAMS:

### First Affirmative Defense

60.     WILLIAMS fails to state any claim against WINN-DIXIE upon which relief can be granted.

### Second Affirmative Defense

61.     WILLIAMS' claims against WINN-DIXIE are barred, in whole or part, because of estoppel and/or the doctrine of waiver.

### Third Affirmative Defense

62.     WILLIAMS' claims against WINN-DIXIE are barred, in whole or in part, because any alleged harm suffered by WILLIAMS is the result of his own conduct, or his failure to take appropriate action to avoid, minimize or mitigate the harm, and not the conduct of WINN-DIXIE. Accordingly, any alleged harm suffered by WILLIAMS was not directly or proximately caused by WINN-DIXIE and/or WINN-DIXIE is entitled to a set-off of the damages.

### Fourth Affirmative Defense

63.     WILLIAMS' claims against WINN-DIXIE are barred, in whole or in part, because any alleged harm suffered by WILLIAMS is the result of the conduct of third parties, and not the conduct of WINN-DIXIE. Accordingly, any alleged harm suffered by WILLIAMS was not directly or proximately caused by WINN-DIXIE and WINN-DIXIE cannot be held vicariously liable for the actions of third parties.

### Fifth Affirmative Defense

64.     WILLIAMS' is not entitled to recover damages against WINN-DIXIE because, upon learning of the corrected report and WILLIAMS' continued interest in employment with WINN-DIXIE when there was another opening for the liquor store position he had applied for, WINN-DIXIE immediately and unconditionally offered WILLIAMS employment, which he accepted.

### Sixth Affirmative Defense

65.     WINN-DIXIE's actions were taken in good faith and WINN-DIXIE did not knowingly or intentionally act in conscious disregard of WILLIAMS' rights or in reckless disregard of the FCRA.

**Seventh Affirmative Defense**

66.     WILLIAMS' claim against WINN-DIXIE is frivolous, unreasonable, and groundless; thus, WINN-DIXIE is entitled to an award of its attorney's fees and cost associated with the defense of this action.

**PRAYER FOR RELIEF**

**WHEEREFORE, WINN-DIXIE respectfully requests that the Court:**

1.     Dismiss WILLIAMS' Complaint against WINN-DIXIE with prejudice and enter judgment in WINN-DIXIE's favor, ordering that WILLIAMS take nothing by this action against WINN-DIXIE;

2.     Award WINN-DIXIE its costs and attorney's fees incurred in this matter to the extent permitted by applicable law and, in particular, should the Court find William's claims against WINN-DIXIE to be frivolous; and

3.     Award WINN-DIXIE such other relief as may be deemed just and proper.

SHANKMAN LEONE, P.A.

/s/ David S. Shankman
David S. Shankman
Florida Bar No.0940186
dshankman@shankmanleone.com
Kendra D. Presswood
Florida Bar No.0935001
kpresswood@shankmanleone.com
609 East Jackson Street, Suite 100
Tampa, Florida 33602
Phone:  (813) 223-1099; Fax:  (813) 223-1055
Attorneys for Defendant, WINN-DIXIE STORES, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Barry S. Balmuth, Esq., Barry S. Balmuth, P.A., Centurion Tower, 11th Floor, 1601 Forum Place,

Suite 1101, West Palm Beach, Florida 33401, and Michael Massey, Esq., Massey & Duffy, 855

E. University Avenue, Gainesville, Florida 32601, on this 18th day of December, 2013.  I further

certify that I mailed the foregoing document and the notice of electronic filing by first-class mail

to the following non-CM/ECF participants:  N/A.

/s/ David S. Shankman
Attorney