UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RICHARD ALEXANDER WILLIAMS,**

                                                         Case No.  1:13-cv-00222-MW-GRJ

        **Plaintiff,**

v.

**FIRST ADVANTAGE LNS SCREENING
SOLUTIONS, INC. f/k/a LEXISNEXIS
SCREENING SOLUTIONS, INC. et al.,**

        **Defendants.**
_____/

**PLAINTIFF'S MOTION TO AUTHORIZE THE TAKING AND USE AT TRIAL OF
THE VIDEOTAPED DEPOSITION OF PLAINTIFF'S EXPERT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, RICHARD ALEXANDER WILLIAMS, pursuant to Rule 32(a)(4)(B) of the Federal Rules of Civil Procedure moves the court to allow the taking and use at trial of the videotaped deposition of Evan Hendricks within 60 days of the entry of an Order granting this motion regardless of whether the deadline to complete discovery has passed and, as grounds therefore, states:

**Summary of the Nature of the Case**

1.     This is an action for violations of the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §1681 et. seq.) and for costs and attorney's fees.

2.     Defendant, FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC. f/k/a LEXISNEXIS SCREENING SOLUTIONS, INC. ("FIRST ADVANTAGE"), prepares background reports for prospective employers.  WILLIAMS lost two opportunities for employment after FIRST ADVANTAGE wrongfully, repeatedly, and in violation of the procedures required by the FCRA, matched him with criminal records for an individual named

Ricky Williams, a convicted felon who had been arrested for the sale of cocaine and for whom there was an outstanding bench warrant and who had also been convicted of criminal acts including burglary and assault and battery on a pregnant woman and included this match in background reports.

3. WILLIAMS has alleged that FIRST ADVANTAGE: (i) failed to follow "reasonable procedures to assure maximum possible accuracy" of its consumer reports as mandated by 15 U.S.C. §1681e(b); (ii) improperly inserted previously deleted information in the credit file FIRST ADVANTAGE created and maintained relating to WILLIAMS without fulfilling the requirements of 15 U.S.C. §1681i(a)(5)(B); (iii) violated 15 U.S.C. §1681b(b)(3) by not providing WILLIAMS with the background report containing the match between WILLIAMS and Ricky Williams and with a written description of his rights under the FCRA a sufficient time before using such information to take the adverse action of scoring him ineligible for employment; and (iv) violated Section 1681k(a) of the FCRA when it provided a report containing public record information which was likely to have an adverse effect upon a consumer's ability to obtain employment without either notifying the consumer of the reporting of such public record information at the time it is reported to the user of such consumer report or maintaining strict procedures designed to insure that, whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

**Plaintiff's Expert**

4. WILLIAMS has retained Evan Hendricks, an expert in the field of consumer reporting to provide expert testimony in this case. Since 1981, Evan Hendricks has been

Editor/Publisher and founder of Privacy Times, a newsletter based in the Washington, D.C. area. www.privacytimes.com/about-bio. Through the newsletter alone, Mr. Hendricks has published nearly 3,000 pages covering a wide range of privacy and information law subjects, including the Fair Credit Reporting Act, Privacy Act, Freedom of Information Act, Gramm-Leach Blilely, and the USA Patriot Act. Id. Mr. Hendricks regularly testifies before Congress, with eight appearances between 2003 and 2006. Id. He is a regular presenter at Federal Trade Commission workshops. Id. He has served as an expert witness in scores of Federal and State court cases involving the use of personal information and such laws as the Fair Credit Reporting Act and Fair and Accurate Credit Transactions Act and such issues as credit scoring, credit reporting, identity theft, "Mixed Files," accuracy, privacy, impermissible access, adverse action notices, and the damages stemming from all of the above. www.privacytimes/witness. Mr. Hendricks has served as a consultant on privacy issues to Federal and State governmental organizations and businesses. www.privacytimes.com/about-bio. Mr. Hendricks has been a paid guest on CNN and National Public Radio, and appeared on PBS NewsHour with Jim Lehrer, ABC Nightline and World News Tonight, NBC Nightly News, CBS Evening News, CNN News Watch, CNBC, MSNBC, Fox News, various local affiliates, the Oprah Winfrey Show and Geraldo. Id. He is quoted regularly by major and small newspapers including The Washington Post, New York Times, Wall Street Journal, Chicago Tribune, Los Angeles Times, Newsweek and Money. Id.

5. Mr. Hendricks is located in Cabin John, Maryland, see http://www.privacytimes.com/witness.html, which MapQuest indicates is almost 800 miles from the site of any trial in this proceeding, Gainesville, Florida.

**Use of Deposition at Trial**

6.  In order to reduce expenses of Mr. Hendricks traveling from Maryland and being "on-call" for a time in Gainesville, Florida before he testifies live and to avoid the possibility that a conflict or problems travelling may prevent Mr. Hendricks from testifying live, WILLIAMS wishes to take his video recorded deposition and play same at trial.  FIRST ADVANTAGE, through its counsel has objected to this and rather than bear the expense of a deposition that might not be usable, WILLIAM is hereby requesting a ruling from the Court on the use of such deposition at trial.

7.  Rule 32(a)(1)(4) of the Federal Rules of Civil Procedure provides that "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: (B) that the witness is more than 100 miles from the place of hearing or trial …, unless it appears that the witness's absence was procured by the party offering the deposition."

8.  In Nichols v. Am. Risk Mgmt., 45 Fed. R. Serv. 3d 1311, 2000 WL 97282 (S.D.N.Y. 2000), allowing a party to use the deposition testimony of another party's expert who lived and worked more than 100 miles from the courthouse, the court held that "[n]either Rule 32(a)(3)(B) on its face nor the Advisory Committee Notes distinguish between depositions of fact and expert witnesses" and "Norton cites to no case establishing a blanket exception to Rule 32(a)(3)(B) for depositions of expert witnesses." Id. at *1.  The Nichols court noted that:

> [t]he main federal practice treatises, Wright & Miller and Moore's, do not discuss any difference between fact and expert witnesses under Fed.R.Civ.P. 32(a)(3)(B).Seegenerally 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2146 (2d ed. Supp.1999); 7 James Wm. Moore, Moore's Federal Practice §§ 32.22-32.28 (3d ed.1999).

Id at n.1. See also Pfeiffer v. Eagle Mfg. Co., 137 F.R.D. 352, 355 (D. Kan. 1991)(product liability defendant would typically be required to call expert at trial and present his oral testimony, but under Rule 32(a)(3)(B), the use of an evidentiary deposition is appropriate where "the witness is at a greater distance than 100 miles from the place of trial or hearing."). The Nichols court noted that the party opposing the use of the deposition was not limited in cross-examination of the expert and this will also be the case here if Mr. Hendricks is deposed.

9. Similarly, where the Plaintiff deposed his own expert and, after a trial was continued, sought to call him live, no abuse of discretion was found where the trial court required the expert's testimony to be presented by video deposition rather than live. In Battle ex rel. Battle v. Mem'l Hosp. at Gulfport, 228 F.3d 544 (5th Cir. 2000), the Fifth Circuit Court of Appeal noted that the expert lived and worked more than 100 miles from the location of the trial, "thus satisfying Rule 32(a)(3)(B)'s unavailability requirement and rebutting the preference for live testimony over deposition." Id at 554.

10. Any concerns about the jurors' ability to judge the credibility of Mr. Hendricks, particularly through the cross examination of FIRST ADVANTAGE should be satisfied by the fact that WILLIAMS proposes to present the deposition by videotape (recording) and will, at its expense arrange for FIRST ADVANTAGE to be able to participate in the deposition by videoconference where FIRST ADVANTAGE's lawyer can see the deponent and the deponent can see him or her. As the Battle court explained:

> the preference for live testimony over depositions is strongest when the deposition is presented to the jury in the form of a cold transcript. A videotaped deposition, on the other hand, allows jurors to gauge the witness's attitude reflected by his motions, facial expressions, demeanor and voice inflections.

Id. (additional citations omitted).  See also Sullivan v. Detroit Police Dept., 2009 WL 1689643 (E.D. Mich. 2009) ("Paying due regard to the importance of live testimony, and in light of the fact that a videotape—including Defendants' counsel's cross-examination—will allow the jury to evaluate the experts' credibility, the court finds a sufficient basis exists to allow Plaintiff's two experts to testify via a properly edited and succinct videotaped appearance.")

11.  It bears repeating that WILLIAMS hopes to avoid the great expense of having Mr. Hendricks travel from Cabin John, MD all while "on the clock" or the possibility that a conflict or travel difficulties will prevent him from appearing live at trial.  Similar concerns were raised by the plaintiffs in a medical malpractice action as the basis of their request to have the testimony of two doctors presented by videotape in Workman v. Chinchinian, 807 F. Supp. 634, (E.D. Wash. 1992).  Therein, the court, in granting the request, explained that:

> Allowing parties to take videotaped depositions for use at trial would help to curb trial costs significantly and thereby reduce the tremendous financial strain so often suffered by litigants. Moreover, there remains the unavoidable fact that after counsel has spent numerous hours consulting with a physician or surgeon during trial preparation, the physician or surgeon may be summoned for a medical emergency on the day of trial. Having the expert's testimony on videotape will eliminate this problem. Indeed, the court looks forward to the day when most expert testimony will be conducted in this fashion.

Id. at 648.

12.  Here, it should be mentioned that the undersigned counsel for WILLIAMS, though having handled several cases under the Fair Credit Reporting Act, is not aware of any local expert(s) or even any experts in Florida which would have avoided the need for a videotaped option and certainly none with Mr. Hendricks' qualifications.  The FCRA is a very specialized field which did not allow WILLIAMS the option of hiring a local or Florida expert which would have avoided these issues.

13. Finally, this motion is being filed approximately 2.5 months before the deadline to complete discovery, November 27, 2014. In the event the Court grants this motion but the discovery deadline passes before the ruling or before the deposition of Mr. Hendricks can be coordinated, WILLIAMS asks that any Order granting this Motion allow WILLIAMS up to sixty (60) days after the Order is entered to complete the deposition regardless of whether the deadline to complete discovery has passed. Although Rule 32 makes no distinction between "discovery" depositions and "trial" depositions, WILLIAMS is not taking this deposition to discover the opinions of Mr. Hendricks which WILLIAMS counsel can, has, and, to the opinion is being supplemented, will do through communications. Rather this deposition is being taken solely for the purposes of being used at trial. It is noteworthy that, in both <u>Eagle Manufacturing</u> and <u>Workman</u> parties were allowed to take depositions for use at trial despite the fact the deadline to take discovery had passed.

WHEREFORE Plaintiff, RICHARD ALEXANDER WILLIAMS, requests the court to enter an Order allowing him to take and use at trial the videotaped deposition of Evan Hendricks within 60 days of the entry of an Order granting this motion regardless of whether the deadline to complete discovery has passed.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 7.1(B), I certify that the undersigned counsel for the movant has in good faith conferred with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. The parties were unable to reach agreement on the matters referenced herein.

>By: **/s/ Barry S. Balmuth**
>**BARRY S. BALMUTH, B.C.S.**
>Counsel for the Plaintiff
>Golden Bear Plaza – East Tower
>11770 U.S. Hwy One, Suite 406
>North Palm Beach, Florida 33408
>(561) 242-9400 Telephone
>(561) 366-2650 Facsimile
>balmuthlaw@alum.emory.edu
>
>**/s/ Michael Massey**
>Fla. Bar No. 153680
>Massey & Duffy
>855 E. Univ. Ave.
>Gainesville, FL 32601
>352-505-8900
>Massey@352law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by filing same with the CM/ECF filing system on the 11th day of September, 2014 which will cause a copy to be served on Frederick T. Smith, Esquire, Megan Poonolly, Esquire, Seyfarth Shaw, LLP, 1027 Peachtree Street, NE, Suite 2500, Atlanta, GA 30309-3962.

>/s/ Barry S. Balmuth
>BARRY S. BALMUTH, B.C.S.