**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| RICHARD ALEXANDER WILLIAMS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:13-cv-00222-MW-GRJ |
| FIRST ADVANTAGE LNS SCREENING ) | |
| SOLUTIONS, INC. f/k/a LEXISNEXIS ) | |
| SCREENING SOLUTIONS, INC., ) | |
| ) | |
|     Defendant. ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON**
**COUNTS II, III AND IV OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC. ("First Advantage" or the "Company"), by its attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's February 5, 2014 Scheduling and Mediation Order, hereby files its Motion for Summary Judgment on Counts II, III and IV of Plaintiff's Second Amended Complaint.

In support of its motion, First Advantage states as follows:

1.  Plaintiff's Count II claim is brought under Section 1681i(a)(5)(B) of the FCRA. Section 1681i(a)(5)(B) proscribes consumer reporting agencies from reporting the *same* previously-disputed *record* in a subsequent record. Count II fails as a matter of law because First Advantage did not reinsert previously-disputed information from a report into a second report it prepared on Plaintiff. The record evidence conclusively establishes that First Advantage did not report the *same record* from the *same source* a second time, and thus never "reinserted" information that had previously been deleted in violation of Section 1681i(a)(5)(B).

2.      Plaintiff's Count III claim is brought under Section 1681b(b)(3) of the FCRA.  Under Section 1681b(b)(3), a user of a consumer report is required to provide a consumer with prior notice of an intent to take an adverse action based on the consumer report.  Count III fails as a matter of law because Section 1681b(b)(3) imposes obligations only upon *users* of consumer reports, and not on consumer reporting agencies such as First Advantage.  The record evidence conclusively establishes that First Advantage merely applied Plaintiff's prospective employer's hiring eligibility criteria, but that it was not responsible for the ultimate employment decisions at issue in this action.

3.      Plaintiff's Count IV claim is brought under Section 1681k(a), which requires a consumer reporting agency to either provide notice to the consumer "at the time" it reports public record information, or to maintain "strict procedures" designed to ensure that public record information that is reported is "complete and up to date."  The record evidence conclusively establishes that First Advantage complied with both of these alternative compliance options.  First, it is undisputed that the Company sent Plaintiff notices on the *same days* it reported public record information about him to its customers.  Second, the records reported about Plaintiff were "complete and up to date" and resulted from First Advantage's maintenance of strict procedures.

4.      Finally, Plaintiff's Count II, III and IV claims must be dismissed as to those allegations asserting that First Advantage "willfully" violated these three sections of the FCRA.  Even if First Advantage committed any technical violation of Sections 1681i(a)(5)(B), 1681b(b)(3) or 1681k(a), Plaintiff cannot show that the Company's conduct was "objectively unreasonable" - the applicable test for willfulness.

In further support of this motion, First Advantage has contemporaneously filed its Memorandum of Law in Support of Its Motion for Summary Judgment on Counts II, III and IV of the Second Amended Complaint and its supporting exhibits.

WHEREFORE, First Advantage respectfully requests that this Court grant its Motion for Summary Judgment on Counts II, III and IV of the Second Amended Complaint.

Respectfully submitted,

FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.

By     s/ Frederick T. Smith
      Frederick T. Smith
      Georgia Bar No. 657575
      fsmith@seyfarth.com
      Megan H. Poonolly
      Georgia Bar No. 345633
      mpoonolly@seyfarth.com
      SEYFARTH SHAW LLP
      1075 Peachtree Street, N.E.
      Suite 2500
      Atlanta, Georgia 30309-3962
      Telephone: (404) 885-1500
      Facsimile: (404) 892-7056

      Lead Counsel for First Advantage LNS
      Screening Solutions, Inc.

      Leonard Dietzen
      Florida Bar No. 0840912
      ldietzen@rumberger.com
      RUMBERGER, KIRK & CALDWELL
      A Professional Association
      P.O. Box 10507
      Tallahassee, Florida 32302-2507
      Telephone: (850) 222-6550
      Facsimile: (850) 222-8783

Local Counsel for First Advantage LNS
Screening Solutions, Inc.

Date:  December 18, 2014

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| RICHARD ALEXANDER WILLIAMS, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 1:13-cv-00222-MW-GRJ |
| FIRST ADVANTAGE LNS SCREENING | ) |
| SOLUTIONS, INC. f/k/a LEXISNEXIS | ) |
| SCREENING SOLUTIONS, INC., | ) |
| | ) |
|       Defendant. | ) |

**CERTIFICATE OF SERVICE**

I certify that on December 18, 2014, I electronically filed **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNTS II, III AND IV OF PLAINTIFF'S SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

Barry S. Balmuth                Michael Massey
Barry S. Balmuth, B.C.S.      Massey & Duffy
Golden Bear Plaza - East Tower   855 E. University Avenue
11770 U.S. Highway One, Suite 406 Gainesville, Florida 32601
North Palm Beach, Florida 33408

                             s/ Frederick T. Smith
                             Counsel for Defendant First Advantage
                             LNS Screening Solutions, Inc.