**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**CASE NO. 1:13-cv-00222-MV-GRJ**

**RICHARD ALEXANDER WILLIAMS,**

    **Plaintiff,**

**vs.**

**FIRST ADVANTAGE LNS SCREENING**
**SOLUTIONS, INC. f/k/a LEXIS NEXIS**
**SCREENING SOLUTIONS, INC.,**

    **Defendant.**

_____/

## PLAINTIFF'S PROPSOED JURY INSTRUCTIONS

    Plaintiff, RICHARD ALEXANDER WILLIAMS, pursuant to the Court's Amended

Order for Pretrial Conference (ECF 53), hereby submits his proposed jury instructions as

follows.

**By: /s/ Barry S. Balmuth**
**BARRY S. BALMUTH, B.C.S.**
Counsel for the Plaintiff
Golden Bear Plaza – East Tower
11770 U.S. Hwy One, Suite 406
North Palm Beach, Florida 33408
(561) 242-9400 Telephone
(561) 366-2650 Facsimile
balmuthlaw@alum.emory.edu

**/s/ Michael Massey**
Fla. Bar No. 153680
Massey & Duffy
855 E. Univ. Ave.
Gainesville, FL 32601
352-505-8900
Massey@352law.com

## JURY INSTRUCTION NO. 1 – RELIMINARY INSTRUCITONS

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. [These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.][1]

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly.  Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas.  This may be indirect evidence that it rained, even though the witness didn't personally see it rain.  Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect.  You may choose to believe or disbelieve either kind.  Your job is to give each piece of evidence whatever weight you think it deserves.

---

[1]  Plaintiff requests that all instructions be read at the outset of the case so that the jury is aware of the issues that it must consider.  See Fed. R. Civ. P. 51(b)(3).

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence.  In their opening statements and closing arguments, the lawyers will discuss the case.  Their remarks may help you follow each side's arguments and presentation of evidence.  But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence.  Only the witnesses' answers are evidence.  Don't decide that something is true just because a lawyer's question suggests that it is.  For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?"  That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence.  When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it.  If I overrule the objection, then the witness may answer the question or the court may receive the exhibit.  If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit.  When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it.  That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness' testimony, you may take into account:

· the witness' opportunity and ability to see, hear, or know the things the witness

   is testifying about;

· the witness' memory;

· the witness' manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness' testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness' credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff is Richard Alexander Williams, who I will refer to as Richard Williams, and the Defendant is First Advantage LNS Screening Solutions, Inc.

As a preliminary matter, I will tell  you that you will hear the Defendant referred to by two different names: LexisNexis Screening Solutions, Inc., which I will refer to as "LexisNexis," and First Advantage LNS Screening Solutions, Inc.  The parties to this case have agreed or entered into a stipulation and so you must treat as proved for this case the following facts: First Advantage Corporation acquired LexisNexis through a stock purchase on February 28, 2013; and as a result of this acquisition, LexisNexis subsequently changed its name to First Advantage LNS Screening Solutions, Inc. and it is the proper name for the entity that is liable for any valid claims Richard Williams has against LexisNexis for violations of the Fair Credit Reporting Act.  This is the end of the stipulated facts for this discussion, although there are other facts the parties have stipulated to.

Going forward in these instructions, I will refer to the Fair Credit Reporting Act as the "FCRA."  I will refer to First Advantage LNS Screening Solutions, Inc. as First Advantage

The Plaintiff, Richard Williams, claims that First Advantage negligently and willfully violated a number of sections of the FCRA.  The FCRA is a federal law that requires consumer reporting agencies to adopt, depending on the particular section of the FCRA involved, reasonable or strict procedures for the handling of consumers' personal and financial information in a manner which is fair and equitable for consumers with regard to confidentiality, accuracy, and the proper use of such information.  Among other things, the FCRA regulates consumer reports used for employment purposes, such as the background reports which are the subject of this case.

Richard Williams claims that he lost two opportunities for employment, first with Rent-A-Center East, Inc., and then with Winn-Dixie Stores, Inc., after First Advantage negligently and willfully violated the requirements of the FCRA when it erroneously matched him with the

criminal records for an individual named Ricky Williams in background reports First Advantage prepared about him for these prospective employers.  I will refer to Rent-A-Center East, Inc. as Rent-A-Center and Winn-Dixie Stores, Inc. as Winn-Dixie.  In the background report First Advantage prepared for Rent-A-Center dated February 28, 2012, First Advantage matched Richard Williams with a criminal record relating to a 2009 arrest of Ricky Williams for the sale of cocaine and a related bench warrant.  In the background report to First Advantage prepared for Winn-Dixie dated April 25, 2013, First Advantage matched Richard Williams with a 2004 conviction of Ricky Williams for burglary, assault, and battery on a pregnant woman.

Richard Williams claims that, among other things, First Advantage violated the FCRA's requirement that, when it prepares a background report, it follow reasonable procedures to assure maximum possible accuracy of the information concerning the person about whom the report is prepared, in this case Richard Williams.  Richard Williams also asserts that First Advantage failed to comply with other requirements of the FCRA.

Richard Williams asserts that these actions by First Advantage were a substantial factor in him not obtaining the positons at Rent-A-Center and Winn-Dixie and he suffered damages in the form of lost wages, emotional distress, humiliation, mental anguish, embarrassment, and damage to his reputation, and because First Advantage willfully disregarded his rights under the FCRA, should be punished for its actions and, therefore, punitive and statutory damages should be awarded.

First Advantage denies those claims and contends that it followed reasonable procedures to assure maximum possible accuracy of the information concerning Richard Williams in any background reports relating to him and that it otherwise complied with the FCRA.  It further contends, that, in any event, it did not act willfully and that, therefore, Richard Williams is not

entitled to recover punitive damages, and that Richard Williams failed to mitigate or reduce his damages when he could have.

Burden of proof:

Richard Williams has made more than one claim.  Each claim relates to an alleged violation by First Advantage of a separate section of the FCRA.  Depending on my rulings, you may not consider all of these claims.  The fact that you may not consider all of these claims should not affect or influence you decision as to the claim or claims you do consider.

As to some of these claims, Richard Williams has the burden of proving all of the essential  elements by what the law calls a "preponderance of the evidence."  However, as to some of these claims, Richard Williams only has to prove one or two of the essential elements of the claim by the preponderance of the evidence and, if he does so, First Advantage then has the burden of proving by the preponderance of the evidence that it fulfilled the requirements of the FCRA.

When I later discuss the specific elements of each of the claims made by Richard Williams, I will tell you which facts or elements must be proven by Richard Williams.  I will also explain what Richard Williams has to prove in order for the burden to prove something to shift to First Advantage and what First Advantage will then have the burden to prove.

Proving something by a preponderance of the evidence means that the party that has the burden of proof must prove that, in light of all the evidence, that the fact or element it has to prove is more likely true than not.  So, if you could put the evidence favoring the party which has the burden to prove something and the evidence favoring the other party on opposite sides of balancing scales, the party who has the burden of proof needs to make the scales tip to his side.

To decide whether something has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them.  After

considering all the evidence, if you decide something is more likely true than not, then that thing has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," First Advantage has the burden of proving the elements of a defense by a preponderance of the evidence.  I'll instruct you on the facts First Advantage must prove for any affirmative defense. After considering all the evidence, if you decide that First Advantage has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof that only applies to criminal cases.  It does not apply to civil cases such as this and so you should put it out of you mind.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case.  You may tell people that you're a juror and give them information about when you must be in court.  But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations.  You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating.  You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law.  Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case.  The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it.  It's very important that you understand why these rules exist and why they're so important.  You must base your decision only on the testimony and other evidence presented in the courtroom.  It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom.  For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source.  Only you jurors can decide a verdict in this case.  The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses.  When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory.  They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

Let's walk through the trial.  First, each side may make an opening statement, but they don't have to.  Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Richard Williams will present his witnesses and ask them questions.  After Richard Williams questions the witness, First Advantage may ask the witness questions – this is called "cross-examining" the witness.  Then First Advantage Solutions will present its witnesses, and Richard Williams may cross-examine them.  You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

## AUTHORITY FOR JURY INSTRUCTION NO. 1

Pattern Jury Instructions, 1.1 General Preliminary Instruction (as revised to address shifting burdens and avoid use of burden of proof in criminal case); Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991) ("The [consumer reporting] agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures, which will be a jury question in the overwhelming majority of cases. Thus, prior to sending a section [1681e(b)] claim to the jury, a credit reporting agency can usually prevail only if a court finds, as a matter of law, that a credit report was 'accurate';" Sampson v. Equifax Info. Servs., LLC, No. CIV.A. CV204-187, 2005 WL 2095092, at *3 (S.D. Ga. Aug. 29, 2005) ("The Court reads Cahlin (and, less importantly, Guimond ) as requiring the reporting agency to bear the burden of proof on [whether it followed reasonable procedures to assure maximum possible accuracy of the information in the consumer reports it prepared].  Indeed, Philbin appears to have conceded the desirability of this approach, when it recognized that the reporting agency is 'in a

far better position to prove that reasonable procedures were followed than a plaintiff is to prove the opposite.'"); Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 416 (4th Cir. 2001) ("Guimond, 45 F.3d at 1333 (suggesting that consumer reporting agency bears the burden [to show it followed reasonable procedures]); Cahlin, 936 F.2d at 1156 (same)").  Jennifer Cuculich, "Who Bears the Burden of Proof Under the Fair Credit Reporting Act, 15 U.S.C. s1681e(b)-Consumers May Bear the Biggest Burden in This Climate of Heightened National Security," Loyola Consumer Law Review, Vol. 14, Issue 3 (2002) at page 311 (In Cahlin, the Eleventh Circuit "held that in order to escape liability, an agency must establish that the inaccurate report was generated by following reasonable procedures, thus shifting the burden to the [consumer] reporting agency.").

## JURY INSTRUCTION NO. 2 - QUESTIONS

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning.  Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions.  If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence.  Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case.  If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness.  I may modify the form or phrasing of a question so that it's allowed under the evidence rules.  Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question.  If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions.  If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness.  You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## **AUTHORITY FOR JURY INSTRUCTION NO. 2**

Pattern Jury Instructions, 1.4 Jury Questions

## JURY  INSTRUCTION NO. 3 – INTERMIM STATEMENTS

At times during the trial, the lawyers will address you.  You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments.  Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented.  These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

## AUTHORITY FOR JURY INSTRUCTION NO. 3

Pattern Jury Instructions, 1.5 Interim Statements

## JURY  INSTRUCTION NO. 4 -STIPULATIONS

Sometimes the parties have agreed that certain facts are true.  This agreement is called a

stipulation.  You must treat these facts as proved for this case.

## AUTHORITY FOR JURY INSTRUCTION NO. 4

Pattern Jury Instructions, 2.1 Stipulations

## <u>JURY INSTRUCTION NO. 5 - DEPOSITIONS</u>

A deposition is a witness's sworn testimony that is taken before the trial.  During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.

The deposition of [<u>name of witness</u>], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript].  Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

## <u>AUTHORITY FOR JURY INSTRUCTION NO. 5</u>

Pattern Jury Instructions, 2.2 Use of Depositions

## JURY INSTRUCTION NO. 6 – OPENING STATEMENTS

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before.  Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.


## AUTHORITY FOR JURY INSTRUCTION NO. 6

Pattern Jury Instructions, 2.4 Interim Statements

## JURY INSTRUCTION NO. 7 – JUDICIAL NOTICE

The rules of evidence allow me to accept facts that no one can reasonably dispute.  The law calls this "judicial notice."   I've accepted the fact that Plaintiff's Exhibit 38 is a record of the Florida Department of Corrections relating to Ricky Williams, that the information stated thereon was current as of 5/26/2013, and that the height of Ricky Williams listed thereon is 6'2" as proved even though no one introduced evidence to prove it.  You must accept it as true for this case.

## AUTHORITY FOR JURY INSTRUCTION NO. 7

Pattern Jury Instructions, 2.5 Judicial Notice

## JURY INSTRUCTION NO. 8 - INTERROGATORIES

[You'll now hear/you've heard] answers that [name of party] gave in response to written questions the other side submitted.  The questions are called "interrogatories."  Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.


## AUTHORITY FOR JURY INSTRUCTION NO. 8

Pattern Jury Instructions, 2.6 Use of Interrogatories

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

## JURY INSTRUCTION NO. 9 – CORPORATE PARTY INVOLVED

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## AUTHORITY FOR JURY INSTRUCTION NO. 9

Pattern Jury Instructions, 3.2.2 The Duty to Follow Instructions – Corporate Party Involved

## JURY INSTRUCTION NO. 10 - EVIDENCE

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## AUTHORITY FOR JURY INSTRUCTION NO. 10

Pattern Jury Instructions, 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

## JURY INSTRUCTION NO. 11 – CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness' testimony differ from other testimony or other evidence?

## AUTHORITY FOR JURY INSTRUCTION NO. 11

Pattern Jury Instructions, 3.4 Credibility of Witnesses

.

## JURY INSTRUCTION NO. 12 – IMPEACHMENT OF WITNESSES

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.


## AUTHORITY FOR JURY INSTRUCTION NO. 12

Pattern Jury Instructions, 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

## JURY INSTRUCTION NO. 13 – EXPERT WITNESSES

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.  As with any other witness' testimony, you must decide for yourself whether to rely upon the opinion.

## AUTHORITY FOR JURY INSTRUCTION NO. 13

Pattern Jury Instructions, 3.6.1 Expert Witness

## JURY INSTRUCTION NO. 14 – BURDEN OF PROOF

As to some of the claims made by Richard Williams, he has the burden of proving all of the essential  elements by what the law calls a "preponderance of the evidence."  However, as to some of these claims, Richard Williams only has to prove one or two of the essential elements of the claim by the preponderance of the evidence and, if he does so, First Advantage then has the burden of proving by the preponderance of the evidence that it fulfilled the requirements of the FCRA.

When I later discuss the specific elements of each of the claims made by Richard Williams, I will tell you which facts or elements must be proven by Richard Williams.  I will also explain what Richard Williams has to prove in order for the burden to prove something to shift to First Advantage and what First Advantage will then have the burden to prove.

Having the obligation to prove something is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you what a party is seeking to prove is more likely true than not true.

If Richard Williams fails to prove any essential part of a claim or contention that he is required to prove by a preponderance of the evidence, or that, if applicable, First Advantage proves that it fulfilled the requirements of the FCRA which relate to the claim, then you should find against Richard Williams.

However if you find that Richard Williams proved all of the essential elements of a claim that he was required to prove and, if applicable, that First Advantage failed to prove that it fulfilled the requirements of the FCRA which relate to that claim, you will consider whether First Advantage's failure was negligent and whether it acted willfully.  If you find that First

Advantage acted negligently, you will also consider whether First Advantage's actions were a substantial factor in any damages to Richard Williams and, if so, the amount of these damages. If you find that First Advantage acted Willfully, you will also consider the issue of punitive damages.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

### AUTHORITY FOR JURY INSTRUCTION NO. 14

Standard Jury Instructions , 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence (as revised for shifting burdens).  Pattern Jury Instructions, 1.1 General Preliminary Instruction (as revised to address shifting burdens); Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991) ("The [consumer reporting] agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures, which will be a jury question in the overwhelming majority of cases. Thus, prior to sending a section 607(b) claim to the jury, a credit reporting agency can usually prevail only if a court finds, as a matter of law, that a credit report was 'accurate';" Sampson v. Equifax Info. Servs., LLC, No. CIV.A. CV204-187, 2005 WL 2095092, at *3 (S.D. Ga. Aug. 29, 2005) ("The Court reads Cahlin (and, less importantly, Guimond ) as requiring the reporting agency to bear the burden of proof on [whether it followed reasonable procedures to assure maximum possible accuracy of the information in the consumer reports it prepared]. Indeed, Philbin appears to have conceded the desirability of this approach, when it recognized that the reporting agency is 'in a far better position to prove that reasonable procedures were

followed than a plaintiff is to prove the opposite.'"); <u>Dalton v. Capital Associated Indus., Inc.</u>, 257 F.3d 409, 416 (4th Cir. 2001) ("<u>Guimond</u>, 45 F.3d at 1333 (suggesting that consumer reporting agency bears the burden [to show it followed reasonable procedures]); <u>Cahlin</u>, 936 F.2d at 1156 (same)").  Jennifer Cuculich, "Who Bears the Burden of Proof Under the Fair Credit Reporting Act, 15 U.S.C. s1681e(b)-Consumers May Bear the Biggest Burden in This Climate of Heightened National Security," Loyola Consumer Law Review, Vol. 14, Issue 3 (2002) at page 311 (In <u>Cahlin</u>, the Eleventh Circuit "held that in order to escape liability, an agency must establish that the inaccurate report was generated by following reasonable procedures, thus shifting the burden to the credit reporting agency.").

## JURY INSTRUCTION NO. 15 – AFFIRMATIVE DEFENSES

In this case, First Advantage asserts as an affirmative defense that Richard Williams failed to mitigate or reduce his damages when he could have.

I caution you that, First Advantage only has to prove what I specifically instruct you it has to prove.  Otherwise, it does not have to disprove Richard Williams' claims.  However, the only way First Advantage can prevail on the affirmative defense it has raised is if it proves that defense by a preponderance of the evidence.

## AUTHORITY FOR JURY INSTRUCTION NO. 15

Pattern Jury Instructions, 3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence; Pattern Jury Instructions, 1.1 General Preliminary Instruction (as revised to address shifting burdens); Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991) ("The [consumer reporting] agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures, which will be a jury question in the overwhelming majority of cases. Thus, prior to sending a section 607(b) claim to the jury, a credit reporting agency can usually prevail only if a court finds, as a matter of law, that a credit report was 'accurate';"  Sampson v. Equifax Info. Servs., LLC, No. CIV.A. CV204-187, 2005 WL 2095092, at *3 (S.D. Ga. Aug. 29, 2005) ("The Court reads Cahlin (and, less importantly, Guimond ) as requiring the reporting agency to bear the burden of proof on [whether it followed reasonable procedures to assure maximum possible accuracy of the information in the consumer reports it prepared]. Indeed, Philbin appears to have conceded the desirability of this approach, when it recognized that the reporting agency is 'in a far better position to prove that reasonable procedures were followed than a plaintiff is to prove the

opposite.'"); <u>Dalton v. Capital Associated Indus., Inc.</u>, 257 F.3d 409, 416 (4th Cir. 2001) ("<u>Guimond</u>, 45 F.3d at 1333 (suggesting that consumer reporting agency bears the burden [to show it followed reasonable procedures]); <u>Cahlin</u>, 936 F.2d at 1156 (same)").  Jennifer Cuculich, "Who Bears the Burden of Proof Under the Fair Credit Reporting Act, 15 U.S.C. s1681e(b)- Consumers May Bear the Biggest Burden in This Climate of Heightened National Security," Loyola Consumer Law Review, Vol. 14, Issue 3 (2002) at page 311 (In <u>Cahlin</u>, the Eleventh Circuit "held that in order to escape liability, an agency must establish that the inaccurate report was generated by following reasonable procedures, thus shifting the burden to the credit reporting agency.").

## JURY INSTRUCTION NO. 16 - FCRA

The FCRA is a federal law that requires consumer reporting agencies to adopt reasonable procedures for the handling of consumers' personal and financial information in a manner which is fair and equitable for consumers with regard to confidentiality, accuracy, and the proper use of such information.  The background reports referred to in this case are consumer reports within the meaning of the FCRA.  Among other things, the FCRA regulates consumer reports used for employment purposes, such as the background reports in this case.

## AUTHORITY FOR JURY INSTRUCTION NO. 16

15 U.S.C. §1681(b) ("It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter."); 15 U.S.C. §1681a(d)(1).

## <u>JURY INSTRUCTION NO. 17 – DEFINITION OF EMPLOYMENT PURPOSES</u>

"Employment purposes" when used in connection with a consumer/background report, means a report used for the purpose of evaluating a consumer for employment.

## <u>AUTHORITY FOR JURY INSTRUCTION NO. 17</u>

15 U.S.C. §1681a(h)

## JURY INSTRUCTION NO. 18 – DEFINITIONS OF CONSUMER & CRA

Plaintiff Richard Williams is a "consumer" entitled to the protection and benefit of the FCRA.  First Advantage is a consumer reporting agency that is regulated by the FCRA because it regularly engages in whole or in part in the practice of assembling or evaluating information on consumers for the purpose of furnishing consumer reports to third parties, and uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## AUTHORITY FOR JURY INSTRUCTION NO. 18

See 15 U.S.C. § 1681a(c) and (f) (definitions); Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 92.03.

## JURY INSTRUCTION NO. 19 –
## CLAIM NUMBER 1 (REASONABLE PROCEDURES)

The FCRA requires that, when any consumer reporting agency prepares a consumer report, it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the [agency's] report relates."

Richard Williams' first claim is that First Advantage violated this requirement of the FCRA.  You must therefore decide whether, in preparing a background report about Richard Williams, First Advantage followed reasonable procedures to assure maximum possible accuracy of the information concerning Richard Williams contained in the report.

The FCRA is not directed to a company's policy but at the actual procedure, method or steps followed by a company, its employees or agents, in obtaining information, and in preparing and disclosing a report.

Richard Williams has the initial burden to prove by the preponderance of the evidence that a background report was inaccurate and then, if that is proven, the burden shifts to First Advantage to prove it followed reasonable procedures.  As to each of the background reports, the parties have stipulated, and you must accept as proved for this case, that the background reports were inaccurate.  Therefore, as to each background report, the burden shifts to First Advantage to prove by the preponderance of the evidence that it followed reasonable procedures to assure maximum possible accuracy of the information concerning Richard Williams in the background report it prepared.

If you find that First Advantage proved by a preponderance of the evidence that it followed reasonable procedures to assure maximum possible accuracy of the information concerning Richard Williams when it created each of these background reports about Richard Williams, then your verdict on this claim must be for First Advantage.

However, if you find that First Advantage did not prove by a preponderance of the evidence that it followed reasonable procedures to assure maximum possible accuracy of the information concerning Richard Williams when it created the background report containing inaccurate information concerning Richard Williams, then you must decide whether First Advantage acted negligently or willfully and whether a negligent or willful violation or violations of this FCRA provision by First Advantage was a substantial factor in causing damages to Richard Williams.

**AUTHORITY FOR JURY INSTRUCTION NO. 19**

See 15 U.S.C. § 1681e(b); Pattern Jury Instructions, 1.1 General Preliminary Instruction (as revised to address shifting burdens); Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991) ("The [consumer reporting] agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures, which will be a jury question in the overwhelming majority of cases. Thus, prior to sending a section 607(b) claim to the jury, a credit reporting agency can usually prevail only if a court finds, as a matter of law, that a credit report was 'accurate';" Sampson v. Equifax Info. Servs., LLC, No. CIV.A. CV204-187, 2005 WL 2095092, at *3 (S.D. Ga. Aug. 29, 2005) ("The Court reads Cahlin (and, less importantly, Guimond ) as requiring the reporting agency to bear the burden of proof on [whether it followed reasonable procedures to assure maximum possible accuracy of the information in the consumer reports it prepared]. Indeed, Philbin appears to have conceded the desirability of this approach, when it recognized that the reporting agency is 'in a far better position to prove that reasonable procedures were followed than a plaintiff is to prove the opposite.'"); Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 416 (4th Cir. 2001) ("Guimond, 45 F.3d at 1333 (suggesting that consumer reporting agency bears the burden [to

show it followed reasonable procedures]); <u>Cahlin</u>, 936 F.2d at 1156 (same)").  Jennifer Cuculich, "Who Bears the Burden of Proof Under the Fair Credit Reporting Act, 15 U.S.C. s1681e(b)-Consumers May Bear the Biggest Burden in This Climate of Heightened National Security," Loyola Consumer Law Review, Vol. 14, Issue 3 (2002) at page 311 (In <u>Cahlin</u>, the Eleventh Circuit "held that in order to escape liability, an agency must establish that the inaccurate report was generated by following reasonable procedures, thus shifting the burden to the credit reporting agency."); O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions-Civil, §153.10; <u>Smith v. LexisNexis Screening Solutions, Inc.</u>, 2014 WL 7403890 (E.D. Mich. 2014)("In a FCRA case, the plaintiff must demonstrate that "'the alleged FCRA violation was [a] substantial factor in causing the asserted actual damages.'")(quoting <u>Khoury v. Ford Motor Credit Co.</u>, LLC, 2013 WL, 6631471 (E.D. Mich. 2013)(quoting <u>Moore v. First Advantage Enter. Screening Corp.</u>, 2013 WL 1662959 (N.D. Ohio 2013)).

## JURY INSTRUCTION NO. 20 –
## CLAIM NUMBER 2 (REINSERTED INFORMATION)

The FCRA also requires that, if any information was deleted from a consumer's file at a consumer reporting agency pursuant to a consumer's dispute of that information, the information may not be reinserted in the file by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate.  Additionally, if any information that has been deleted from a consumer's file pursuant to a dispute was reinserted in the file, the consumer reporting agency is required to notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion or, if authorized by the consumer for that purpose, by any other means available to the consumer reporting agency.

The FCRA also requires that, as part of, or in addition to, the above-referenced notice, First Advantage was required to provide to a consumer in writing not later than 5 business days after the date of the reinsertion-- (I) a statement that the disputed information has been reinserted; (II) the business name and address of any furnisher of information contacted and the telephone number of such furnisher, if reasonably available, or of any furnisher of information that contacted the consumer reporting agency, in connection with the reinsertion of such information; and (III) a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the disputed information.

The term "file" when used in connection with information on any consumer, means all of the information on that consumer recorded and maintained by a consumer reporting agency regardless of how the information is stored.

Richard Williams second claim is that First Advantage violated the requirements of the FCRA that I just described to you.  You must therefore decide whether First Advantage reinserted information it previously deleted pursuant to a dispute of that information made by

Richard Williams in the file for Richard Williams.  If you find by a preponderance of the evidence that First Advantage reinserted information it previously deleted pursuant to a dispute of that information made by Richard Williams in the file for Richard Williams, you must decide if the person who furnished the reinserted information certified that the information is complete and accurate and whether First Advantage notified Richard Williams of the reinsertion of the information in writing not later than 5 business days after the reinsertion or, if authorized by the Richard Williams for that purpose, by any other means available to First Advantage.

Additionally, if you find by a preponderance of the evidence that First Advantage reinserted information it previously deleted pursuant to a dispute of that information made by Richard Williams in the file for Richard Williams, you must decide if, not later than 5 business days after the date of the reinsertion, First Advantage provided to Richard Williams in writing -- (I) a statement that the disputed information has been reinserted; (II) the business name and address of any furnisher of information contacted and the telephone number of such furnisher, if reasonably available, or of any furnisher of information that contacted the First Advantage, in connection with the reinsertion of such information; and (III) a notice that Richard Williams has the right to add a statement to his file disputing the accuracy or completeness of the disputed information.

Richard Williams has the burden to prove all of the essential elements of this second claim by a preponderance of the evidence.  If you find that Richard Williams did not prove by a preponderance of the evidence that First Advantage reinserted information previously deleted pursuant to a dispute of that information made by Richard Williams or that Richard Williams did not prove by a preponderance of the evidence that First Advantage failed to fulfill the

certification and notice requirements I just described to you, then your verdict is for First Advantage.

However, if you find that Richard Williams proved by a preponderance of the evidence that First Advantage reinserted information previously deleted pursuant to a dispute of that information made by Richard Williams and that Richard Williams proved by a preponderance of the evidence that First Advantage failed to fulfill the certification and/or one or more of the notice requirements I just described to you, then you must decide whether First Advantage acted negligently or willfully and whether a negligent or willful violation of this FCRA provision by First Advantage was a substantial factor in causing damages to Richard Williams.

## AUTHORITY FOR JURY INSTRUCTION NO. 20

15 U.S.C. §1681i(a)(5)(B)(i); 15 U.S.C. §1681a(g); Smith v. LexisNexis Screening Solutions, Inc., 2014 WL 7403890 (E.D. Mich. 2014)("In a FCRA case, the plaintiff must demonstrate that "'the alleged FCRA violation was [a] substantial factor in causing the asserted actual damages.'")(quoting Khoury v. Ford Motor Credit Co., LLC, 2013 WL, 6631471 (E.D. Mich. 2013)(quoting Moore v. First Advantage Enter. Screening Corp., 2013 WL 1662959 (N.D. Ohio 2013)).

## <u>JURY INSTRUCTION NO. 21 – CLAIM NUMBER 3 (ADVERSE ACTION)</u>

The FCRA further requires that, in using a consumer report for employment purposes, at least five (5) business days before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates--

(i) a copy of the report; and

(ii) a description in writing of the rights of the consumer under the FCRA.

The term "adverse action" means either "…any…decision for employment purposes …that adversely affects any…prospective employees" or "an action taken or determination that is made in connection with an employment application made by consumer and adverse to the interest of the consumer."

Richard Williams' third claim is that First Advantage violated these requirements of the FCRA.  You must therefore decide whether First Advantage used a background report regarding Richard Williams for employment purposes, if so, whether it took any adverse action within the meaning of the FCRA based in whole or in part on such a report and, if so, whether, at least five (5) business days before it took such adverse action, it provided Richard Williams with a copy of the report on which its adverse action was based and a description in writing of the rights of a consumer under the FCRA.

Richard Williams has the burden to prove all of the essential elements of this third claim by a preponderance of the evidence.  Therefore, if you find that Richard Williams did not prove by a preponderance of the evidence that First Advantage used a consumer report regarding Richard Williams for employment purposes or that Richard Williams did not prove by a preponderance of the evidence that First Advantage took any adverse action within the meaning

of the FCRA based in whole or in part on such report or if you find that Richard Williams did not prove that First Advantage took such adverse action before at least five (5) business days after it provided Richard Williams with a copy of the report and a description in writing of the rights of the consumer under the FCRA, then your verdict must be for First Advantage.

However, if you find that Richard Williams has proved by a preponderance of the evidence that First Advantage used a consumer report regarding Richard Williams for employment purposes, that First Advantage took an adverse action within the meaning of the FCRA based in whole or in part on such report, and that First Advantage did not provide Richard Williams with a copy of such report and a description in writing of the rights of the consumer under the FCRA before it took the adverse action, then you must decide whether First Advantage acted negligently or willfully and whether a negligent or willful violation of this FCRA provision by First Advantage was a substantial factor in causing damages to Richard Williams.

## AUTHORITY FOR JURY INSTRUCTION NO. 21

Under 15 U.S.C. §1681b(b)(3)(A); 15 U.S.C. §1681a(k)(1)(B)(ii); 15 U.S.C. §1681a(k)(1)(B)(iv); Federal Trade Commission, Advisory Opinion to Weisberg (06-27-97)(employers suggestion that it wait 5 business days before taking any adverse employment action in response to a consumer report was deemed reasonable by FTC); Smith v. LexisNexis Screening Solutions, Inc., 2014 WL 7403890 (E.D. Mich. 2014)("In a FCRA case, the plaintiff must demonstrate that "'the alleged FCRA violation was [a] substantial factor in causing the asserted actual damages.'")(quoting Khoury v. Ford Motor Credit Co., LLC, 2013 WL, 6631471 (E.D. Mich. 2013)(quoting Moore v. First Advantage Enter. Screening Corp., 2013 WL 1662959 (N.D. Ohio 2013)).

## JURY INSTRUCTION NO. 22 –
## CLAIM NUMBER 4 (NOTICE OF PUBLIC RECORD INFORMATION)

The FCRA also requires that a consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall—

(1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or

(2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

I instruct you that the term "strict procedures," as used in the FCRA, means a more stringent standard than reasonable procedures requiring a very high level of scrutiny, that the term "at the time," as used in the FCRA, means "at the same time," and that there is a presumption that items are mailed in a timely fashion after they are postmarked.  Moreover, if you find that First Advantage failed to follow reasonable procedures to assure maximum possible accuracy then you must also find that First Advantage failed to follow strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

Richard Williams' Fourth and final claim is that First Advantage violated these provisions of the FCRA.  You must therefore decide whether First Advantage reported public record information that was likely to have an adverse effect upon Richard Williams' ability to obtain employment in a background report and, if so, whether First Advantage provided Richard Williams with notice that it was reporting such public record information at the same time it reported such information or, if it did not provide such notice, whether First Advantage maintained strict procedures designed to insure that, whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

Richard Williams has the initial burden to prove by a preponderance of the evidence that the background reports were inaccurate.  As to each of the background reports, the parties have stipulated, and you must accept as proved in this case, that the background reports were inaccurate.  However, Richard Williams then has the burden to prove by a preponderance of the evidence, that public record information that was likely to have an adverse effect upon Richard Williams' ability to obtain employment contained in a background report was inaccurate and that First Advantage failed to provide Richard Williams with notice that it was reporting such public record information at the same time it reported such information.  If Richard Williams proves these facts by a preponderance of the evidence, the burden shifts to First Advantage to prove by the preponderance of the evidence that it maintained strict procedures designed to insure that, whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

If you find that Richard Williams did not prove by a preponderance of the evidence that public record information that was likely to have an adverse effect upon Richard Williams'

ability to obtain employment contained in a background report was inaccurate or that Richard Williams did not prove by the preponderance of the evidence that First Advantage failed to provide Richard Williams with notice that it was reporting such public record information at the same time it reported such information or that  First Advantage proved by the preponderance of the evidence that it maintained strict procedures designed to insure that, whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date, your verdict must be for First Advantage.

However, if you find that Richard Williams proved by a preponderance of the evidence that public record information that was likely to have an adverse effect upon Richard Williams' ability to obtain employment contained in a background report was inaccurate, that Richard Williams also proved by the preponderance of the evidence that First Advantage failed to provide Richard Williams with notice that it was reporting such public record information at the same time it reported such information, and that First Advantage did not prove by the preponderance of the evidence that it maintained strict procedures designed to insure that, whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date, then you must decide whether First Advantage acted negligently or willfully and whether a negligent or willful violation of this FCRA provision by First Advantage was a substantial factor in causing damages to Richard Williams.

## AUTHORITY FOR JURY INSTRUCTION NO. 22

Dalton v. Capital Associated Indus., 257 F.3d 409, 417 (4th Cir.2001)(where there is a factual dispute about whether a CRA followed reasonable procedures under § 1681e(b), there is necessarily a factual dispute about whether a CRA followed strict procedures under 1681k(a)(2),

which suggests that the factual inquiry under each statute is similar); Smith v. HireRight Solutions, Inc., 711 F.Supp.2d 426, 439 (E.D. Pa. 2010) ("It stands to reason that "strict" [in the context of Section 1681k] is necessarily a more stringent standard" that the reasonable [in the context of Section 1681e(b)]); Adams v. Nat'l Eng'g Serv. Corp., 620 F. Supp. 2d 319, 332 (D. Conn. 2009) ; Poore v. Sterling Testing Sys., Inc., 410 F. Supp. 2d 557, 572 (E.D. Ky. 2006) (There is no evidence in the record that [the consumer reporting agency] ever notified [the plaintiff] that it would be reporting the DUI conviction to [the potential employer], let alone that such communication occurred **at the same time** that [the consumer reporting agency] notified [the potential employer] of the DUI") (emphasis added); Adams, supra, at 331 (discussing whether "at the time means" as used in Section 1681k means "at the same time"); Goldman v. Apfel, No. 99 CIV. 2024 (HB), 1999 WL 1080200, at *2 (S.D.N.Y. Dec. 1, 1999) (there exists an age-old presumption that items are mailed in a timely fashion after they are postmarked); Smith v. LexisNexis Screening Solutions, Inc., 2014 WL 7403890 (E.D. Mich. 2014)("In a FCRA case, the plaintiff must demonstrate that "'the alleged FCRA violation was [a] substantial factor in causing the asserted actual damages.'")(quoting Khoury v. Ford Motor Credit Co., LLC, 2013 WL, 6631471 (E.D. Mich. 2013)(quoting Moore v. First Advantage Enter. Screening Corp., 2013 WL 1662959 (N.D. Ohio 2013)).

**JURY INSTRUCTION NO. 23 - NEGLIGENCE**

I have instructed you regarding sections of the FCRA that Richard Williams alleges First Advantage violated.  If you determine that First Advantage violated any of the sections of the FCRA by its actions or inaction under the law as I instructed you, you must then determine if First Advantage was negligent.  If you find First Advantage negligently violated the sections of the FCRA I just described to you, then you must determine if First Advantage's conduct was a substantial factor in causing damages to Richard William and, if so, what damages, if any, Richard Williams suffered.  I will instruct you on the law of the FCRA relating to damages shortly.  If, on the other hand, you find that Richard Williams did not establish that First Advantage's conduct was negligent, you must find for First Advantage.

The world "negligence," as used in these instructions, means failing to do something that a reasonably careful person would do under the circumstances existing at the time of the inaction or doing something that a reasonably careful person would not do under the circumstances existing at the time of the action.

By example, as to Richard Williams' first claim, that First Advantage failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Richard Williams in the background reports it prepared regarding him, the standard of conduct by which you must judge the reasonableness of First Advantage procedures is what a reasonably careful person would do, under these circumstances, to assure maximum possible accuracy of the information about Richard Williams in a background report it prepared about him.

**<u>AUTHORITY FOR JURY INSTRUCTION NO. 23</u>**

See 15 U.S.C. § 1681o; O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions-Civil, §153.10; Safeco Ins. Co. of Amer. v. Burr, 551 U.S. 47, 57-71 (2007); Florida Standard Jury Instruction 401.4-Negligence;

## JURY INSTRUCTION NO. 24 - CAUSATION

For actions brought under the FCRA, harm or damage is considered caused by an act, or a failure to act, constituting a violation of the FCRA whenever you can infer from the evidence that the act or omission was a substantial part or factor in bringing about the harm or damage.  It is not necessary that the act was the sole or primary cause of the harm.

## AUTHORITY FOR JURY INSTRUCTION NO. 24

Smith v. LexisNexis Screening Solutions, Inc., 2014 WL 7403890 (E.D. Mich. 2014)("In a FCRA case, the plaintiff must demonstrate that "'the alleged FCRA violation was [a] substantial factor in causing the asserted actual damages.'")(quoting Khoury v. Ford Motor Credit Co., LLC, 2013 WL, 6631471 (E.D. Mich. 2013)(quoting Moore v. First Advantage Enter. Screening Corp., 2013 WL 1662959 (N.D. Ohio 2013)); jury instruction 22 employed in Smith, supra.

## JURY INSTRUCTION NO. 25 – ACTUAL DAMAGES

If you find that First Advantage violated one or more of the sections of the FCRA under the law as I instructed you and that this violation was the result of First Advantage's negligence and you also find that this violation or violations of the FCRA were a substantial factor in causing damages to Richard Williams, then you must determine the amount of money that reasonably, fairly, and completely compensates Richard Williams for the actual damages which you decide were caused by First Advantage's negligent violation of the FCRA.

Under the FCRA, a plaintiff such as Richard Williams may recover "actual damages." "Actual damages" are meant to fairly compensate an aggrieved person, and can consist of one or more of the following:

**1. Economic Loss.** This type of actual damages may consist of lost wages or benefits or out-of-pocket monetary losses.

**2. Harm to Reputation.** This type of actual damages consists of harm to the plaintiff's reputation and/or good name.

**3. Emotional Distress.** This type of actual damages consists of any humiliation, embarrassment, mental anguish, and/or stress-related suffering experienced by the plaintiff as a result of the First Advantage's failure to comply with the FCRA.

## AUTHORITY FOR JURY INSTRUCTION NO. 25

15 U.S.C. §1681o; Levine v. World Fin. Network Nat. Bank, 437 F.3d 1118 (11th Cir. 2006); 795 F.Supp.2d 1255 Brim v. Midland Credit Mgmt., Inc., 795 F. Supp. 2d 1255 (N.D. Ala. 2011); Sampson v. Equifax Info. Servs., LLC, No. CIV.A. CV204-187, 2005 WL 2095092, at *4 (S.D. Ga. Aug. 29, 2005) (Mental anguish constitutes a compensable harm under the FCRA, and emotional distress damages may be recovered even absent a denial of credit); Smith v. E-

<u>Backgroundchecks.com, Inc.</u>, No. CIV.A. 1:13-CV-02658, 2014 WL 7660989, at *13 (N.D. Ga. Nov. 5, 2014) (the Court concludes that plaintiff's evidence of damages for emotional distress and harm to his reputation are sufficient to create a question of fact for the jury); adapted from jury instruction 23 employed in <u>Smith</u>, supra.

## <u>JURY INSTRUCTION NO. 26 –EVIDENCE OF EMOTIONAL DISTRESS</u>

(MEDICAL TESTIMONY NOT NECESSARY FOR EMOTIONAL DISTRESS)

There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, and emotional distress. You must determine a fair and adequate award of these items of harm using your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

In a FCRA case, an injured person's testimony alone may suffice to establish damages for humiliation, embarrassment, and emotional distress, provided that the circumstances surrounding the injury are reasonably and sufficiently explained, and the testimony does not rely on mere conclusory statements. He or she does not have to introduce medical or other expert testimony. You may also award damages for emotional distress type damages including humiliation, embarrassment, an/or stress-related suffering to Richard Williams even if you were to find that Richard Williams suffered no economic losses.

## <u>AUTHORITY FOR JURY INSTRUCTION NO. 26</u>

<u>King v. Asset Acceptance, LLC</u>, 452 F. Supp. 2d 1272, 1281 (N.D. Ga. 2006) (In FCRA cases, a plaintiff is not required to produce evidence of emotional distress beyond his own testimony. <u>See</u> <u>Moore</u>, 333 F.Supp.2d at 1365 & n. 3); <u>Smith v. E-Backgroundchecks.com, Inc.</u>, No. CIV.A. 1:13-CV-02658, 2014 WL 7660989, at *13 (N.D. Ga. Nov. 5, 2014) (citing <u>King</u>); jury instruction 24 employed in <u>Smith</u>, supra. <u>Stevenson v. TRW</u>, 987 F. 2nd 288, 297(5th Cir 1993)(actual damages under the FCRA include humiliation or mental distress even if the consumer has suffered no out-of-pocket losses.

## JURY INSTRUCTION NO. 27 – PUNITIVE AND STATUTORY DAMAGES

In addition to actual damages, Richard Williams is claiming punitive and statutory damages in this case.  Punitive damages may be awarded if you find that First Advantage willfully violated the FCRA.

A company such as First Advantage willfully violates the FCRA by acting with "reckless disregard" of any consumer right set forth in the FCRA.  Reckless disregard entails an unjustifiably high risk of harm that is either known or so obvious that it should be known.

Note that reckless disregard need not be a knowing, intentional, premeditated or malicious violation of the law.  Richard Williams does not need to show that First Advantage deliberately violated the law, only that it acted with reckless disregard for his rights as a consumer under the FCRA.

If you find that First Advantage willfully violated the FCRA, then you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

If you find that punitive damages are appropriate, you must use reason in setting the amount, keeping in mind any amounts that you have awarded to compensate Richard Williams. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, you should consider the degree of recklessness of First Advantage's conduct.

Some of the factors you may consider in assessing punitive damages include:

1. The purposes of the FCRA; and

2. The Defendant's wealth.

Additionally, if you find that First Advantage willfully violated the FCRA, then you must award statutory damages of between $100 and $1,000.

**<u>AUTHORITY FOR JURY INSTRUCTION NO. 27</u>**

15 U.S.C. §1681n; See Safeco Ins. Co. of Amer. v. Burr, 551 U.S. 47, 57-68 (2007); 15 U.S.C. § 1681n; <u>Boggio v. USAA Fed. Sav. Bank</u>, 696 F.3d 611, 620 (6th Cir. 2012); <u>Cortez v. Trans Union</u>, LLC, 617 F.3d 688, 721-23 (3d Cir. 2010); <u>Saunders v. Branch Banking & Trust Co.</u>, 526 F.3d 142, 148-50 (4th Cir. 2008); <u>Cortez v. Trans Union, LLC</u>, 617 F. 3d 688, 718 & n.37 (3d Cir. 2010); adapted from jury instructions 26 and 27 employed in <u>Smith</u>, supra.

## JURY INSTRUCTION NO. 28 – DUTY TO DELIBERATE

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## AUTHORITY FOR JURY INSTRUCTION NO. 28

Pattern Jury Instructions, 3.8.1-Duty to Deliberate When Only the Plaintiff Claims Damages

## JURY INSTRUCTION NO. 29 - FOREPERSON

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

## AUTHORITY FOR JURY INSTRUCTION NO. 29

Pattern Jury Instructions, 3.9 Election of Foreperson Explanation of Verdict Form[s]