# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

RICHARD ALEXANDER WILLIAMS,

    *Plaintiff,*

v.                        CASE No. 1:13-cv-00222-MW-GRJ

FIRST ADVANTAGE LNS SCREENING SOLUTIONS INC,

    *Defendant.*

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Again, when I refer to Mr. Williams or Williams in these instructions, I am referring to the Plaintiff, Richard Williams, not Ricky Williams who you heard about during the evidence portion of the case

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation like Defendant First Advantage and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

In this case it is the responsibility of the Plaintiff Richard Williams to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff Williams' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Plaintiff Williams.

You should consider each claim brought by Plaintiff Williams separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff Williams' claims by a preponderance of the evidence, you should find for Defendant First Advantage as to that claim.

In this case, First Advantage raises the affirmative defense of lack of mitigation of damages.  First Advantage has the burden to prove by the

preponderance of the evidence that Mr. Williams did not mitigate or did not sufficiently mitigate or reduce his damages.

I caution you that, First Advantage only has to prove what I specifically instruct you it has to prove. However, the only way First Advantage can prevail on the affirmative defense it has raised is if it proves that defense by a preponderance of the evidence.

The purpose of the Fair Credit Reporting Act or FCRA is to require consumer reporting agencies, like Defendant First Advantage, to adopt reasonable procedures for meeting the needs of commerce with regard to handling consumers' personal, financial, insurance, public record, and other information in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy and the proper use of that information. Among other things, the FCRA regulates background reports used for employment screening purposes, such as the reports at issue in this case.

For the purposes of this case, Plaintiff Williams is a consumer entitled to the protection and benefit of the FCRA.

Now let me turn to the claims in this case.  Mr. Williams claims that First Advantage has violated two provisions of the FCRA, 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681k.

## Claim One: 15 U.S.C. § 1681e(b)

Section 1681e(b) requires that whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. Mr. Williams claims that First Advantage negligently or willfully failed to follow such procedures.  To succeed on this claim, Mr. Williams must prove each of the following by a preponderance of the evidence:

First:     that First Advantage negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information in either of the two background reports concerning Mr. Williams;

Second:   that Mr. Williams suffered an injury; and

Third:    that the cause of Mr. Williams' injury was the inclusion of the inaccurate information in one or both of the background reports.

If you find all three of the above, you will also be asked to determine whether the failure to follow reasonable procedures was willful or was merely negligent, as those words are defined for you in these instructions.

"Negligence" means the failure to use reasonable care. Reasonable care is the degree of care that a reasonably careful person would use under similar circumstances.  Negligence can mean doing something that a reasonably careful person wouldn't do under like circumstances, or failing to do something that a reasonably careful person would do under like circumstances.  You are to decide what a reasonably careful person would do or not do under the circumstances.

The FCRA does not require consumer reporting agencies such as First Advantage to be 100% accurate in reporting information about consumers like Mr. Williams in background reports sent to prospective employers.  That means you cannot decide this case in favor of Mr. Williams and against First Advantage based solely on the fact that First Advantage provided background reports to Rent-A-Center and Winn-Dixie that contained information that should not have been matched to Williams.  Instead, to succeed on his claims, Williams must prove that the inaccurate information reported about him was the result of First Advantage's negligent or willful failure to follow reasonable procedures.

A company such as First Advantage "willfully" violates the FCRA by acting with "reckless disregard" of its duties under the FCRA.  Reckless disregard entails an unjustifiably high risk of harm that is either known or so

obvious that it should be known.  Reckless disregard is more than mere carelessness.

Note that reckless disregard need not be a knowing, intentional, premeditated or malicious violation of the law.  Richard Williams does not need to show that First Advantage deliberately violated the law, only that it acted with reckless disregard of its duties under the FCRA.

**Claim Two: 15 U.S.C. § 1681k**

The FCRA imposes certain obligations on a consumer reporting agency like First Advantage when the company (1) furnishes a consumer report for employment purposes, (2) includes items of information on a consumer that come from public records, and (3) the items of information are likely to have an adverse effect upon a consumer's ability to obtain employment.   When the company does so, it must <u>either</u> give notice to the consumer at the time of the report <u>or</u> have maintained strict procedures designed to insure that the public record information was complete and up to date at the time of the report.

Mr. Williams claims that First Advantage did not give timely notice and did not maintain strict procedures that the public record information was complete and up  to date when it furnished reports to his potential employers that included items of information from public records.  To succeed on this claim, Mr. Williams must prove each of the following by a preponderance of the evidence:

First:       that First Advantage negligently failed to provide notice to Mr. Williams at the time it furnished the report;

Second:   that First Advantage negligently failed to maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date;

Third:     that Mr. Williams suffered an injury; and

Fourth:   that the legal cause of Mr. Williams' injury was First Advantage's (1) failure to provide the notices to Williams at the time it provided the background reports to Rent-A-Center and Winn-Dixie and (2) failure to maintain strict procedures to ensure that the public record information contained in the reports was complete and up to date.

For actions brought under the FCRA, harm or damage is considered legally caused by an act, or a failure to act, whenever you can infer from the evidence that the act or omission was a substantial part or factor in bringing about the harm or damage.

It is not necessary that the act was the sole or primary cause of the harm.

If you find in Plaintiff Williams's favor for each fact he must prove on one of his claims, you must consider Williams' compensatory damages for that claim.

When considering the issue of Williams' compensatory damages, you should determine what amount, if any, has been proven by Williams by a preponderance of the evidence as full, just and reasonable compensation for all of Williams' damages as a result of the violation of the FCRA, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendant First Advantage. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Williams has proved them by a preponderance of the evidence:

(a) net lost wages and benefits from the date of the violation of the FCRA to the date of your verdict;

(b) emotional pain and mental anguish;  and

(c) harm to Mr. Williams' reputation.

To determine the amount of Plaintiff Williams' net lost wages and benefits, you should consider evidence of the actual wages he lost and the monetary value of any benefits he lost.

When determining Plaintiff Williams' net lost wages, you have an additional consideration.  If you find that the defendant's conduct with regard to the background report submitted to Rent-a-Center was a substantial part or factor in bringing about the harm or damage, you may award all of the claimed net lost wages.  However, if you find that only the defendant's conduct with regard to the background report submitted to Winn Dixie was a substantial part or factor in bringing about the harm or damage, then you must only award net lost wages up to the time that Plaintiff Williams was hired by Winn Dixie in November of 2013.

To determine whether and how much Williams should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Williams does not have

to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates him for his claims.

There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, and emotional distress. You must determine a fair and adequate award of these items of harm using your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

In an FCRA case, an injured person's testimony alone may suffice to establish damages for humiliation, embarrassment, and emotional distress, provided that the circumstances surrounding the injury are reasonably and sufficiently explained, and the testimony does not rely on mere conclusory statements. He or she does not have to introduce medical or other expert testimony.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Williams to be reasonably diligent in seeking substantially equivalent employment to the positions he was seeking from Rent-A-Center and Winn-Dixie. To prove that Williams failed to mitigate damages, First

Advantage must prove by a preponderance of the evidence that: (1) work comparable to the positions he applied for at Rent-A-Center and Winn-Dixie were available, and (2) Williams did not make reasonably diligent efforts to obtain it. If, however, First Advantage shows that Williams did not make reasonable efforts to obtain any work, then First Advantage does not have to prove that comparable work was available.

If you find that First Advantage proved by a preponderance of the evidence that Williams failed to mitigate damages, then you should reduce the amount of Williams' damages by the amount that could have been reasonably realized if Williams had taken advantage of an opportunity for substantially equivalent employment.

If you find that First Advantage willfully violated the FCRA under Claim One, but you find that the violation did not cause Mr. Williams any actual damages, you must still award statutory damages in an amount from $100 to $1000.

Also, if you find that First Advantage willfully violated the FCRA under Claim One, then you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

If you find that punitive damages are appropriate, you must use reason in setting the amount, keeping in mind that you have already compensated Mr. Williams. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, you should consider the degree of reprehensibility of the defendant's conduct.

In the course of considering punitive damages, if you do so, you may have to consider certain financial statements involving First Advantage and related entities. FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC., which was formerly known as LEXIS NEXIS SCREENING SOLUTIONS, INC., merged into FIRST ADVANTAGE BACKGROUND SERVICES CORP. and ceased its existence. FIRST ADVANTAGE BACKGROUND SERVICES CORP. is liable for all of the debts and obligations of FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC., and all of the debts and obligations of LEXIS NEXIS SCREENING SOLUTIONS, INC. No separate financial statements are prepared for FIRST ADVANTAGE BACKGROUND SERVICES CORP. Rather, only

financial statements of the parent corporation of FIRST ADVANTAGE

BACKGROUND SERVICES CORP., STG-Fairway Holdings, LLC d/b/a First

Advantage Corporation, are prepared.  You shall use the financial statements

and independent auditor's report of STG-Fairway Holdings, LLC d/b/a First

Advantage Corporation for all purposes for which you would have used the

financial statements of FIRST ADVANTAGE BACKGROUND SERVICES

CORP., if such financial statements and independent auditor's report existed.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.