**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

RICHARD ALEXANDER
WILLIAMS,

VS CASE NO. 1:13-cv-222 MW/GRJ

FIRST ADVANTAGE LNS
SCREENING SOLUTIONS, INC.,
f/k/a LEXISNEXIS SCREENING
SOLUTIONS, INC.,

# PLAINTIFF'S MOTION TO DETERMINE ENTITLEMENT TO ATTORNEYS' FEES AND COSTS

Plaintiff, Richard Alexander Williams, moves for an order determining his entitlement to attorneys' fees[1] against First Advantage Background Services Corp.[2] and for costs and states as follows:

1. This was an action for damages brought by an individual

[1] Local Rule 54.1 provides for a Bifurcated Procedure for attorneys' fees. A party who seeks an award of attorney's fees must first move for a determination of the party's entitlement to a fee award and may move for a determination of the amount of an award only after the Court determines the party's entitlement to an award. The deadline for moving for a determination of entitlement is 14 days after the entry of the judgment.

[2] First Advantage Background Services Corp. was substituted as the Defendant in this matter as a successor to First Advantage LNS Screening Solutions, Inc. f/k/a LexisNexis Screening Solutions, Inc.

consumer against First Advantage for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq., as amended. In an FCRA matter, the plaintiff shall recover "the costs of the action together with reasonable attorney's fees" in "the case of any successful action to enforce liability." 15 U.S.C. §§ 1681n(a)(3) & o(a)(2).

2. As stated by the court in *Holman v. Experian Info. Sols., Inc.,* No. 11-cv-180 CW (DMR), 2014 WL 7186207, at * 3 (N.D. Cal. Dec. 12, 2014):

> The FCRA's fee provision, 15 U.S.C. § 1681n(a)(3), is a fee-shifting statute. It is virtually identical to the fee provisions in the Truth in Lending Act and the Fair Debt Collection Practices Act, which the Supreme Court and various Circuits have held to be mandatory. . .. A fee-shifting provision's purpose is to encourage private litigants to enforce the laws that protect the public in areas like civil rights, consumer protection and the environment. . .. "Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated."

*Citing Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 415, n. 5 (1978) (TILA); *DeJesus v. Banco Popular de Puerto Rico*; 918 F.2d 232, 233 (1st Cir. 1990) (TILA); *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (FDCPA);

*Zagorski v. Friedman*, 128 F.3d 1164, 1166 (7th Cir. 1997) (FDCPA); *City of Riverside v. Rivera*, 477 U.S. 561, 574-575 (1986).

3. Here, after prevailing at trial, there can be no doubt that Plaintiff was very successful in this litigation in enforcing liability under the FCRA. Thus, Plaintiff seeks an order declaring him entitled to attorneys' fees with the Court reserving jurisdiction to determine the amount of fees and costs.

4. Additionally, Plaintiff requests costs as identified in the attached **Exhibit A**, with attachments. All of the costs were advanced by Plaintiff's counsel and were necessarily incurred, such as those associated with depositions. *See generally* U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000); *Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 718 (D.C. Ill. 1982) ("The standard for awarding the cost of depositions is not whether the deposition was related to an issue presented at trial but whether it was related to an issue which was present in the case at the time the deposition was taken.") Plaintiff also seeks, for example, copy costs at .25 cents per page. *See Ferguson v. N. Broward Hosp. Dist.*, No. 10–61606–CIV, 2011 WL 3583754, at *3 (S.D. Fla. Aug. 15, 2011) (Knowledge regarding a

proposed copying cost "is a matter within the exclusive knowledge of the prevailing party.").[3]

5. Finally, as noted below, the Defendant will argue that some of Plaintiff's fees should be reduced for alleged partial success on his claims. This, however, should not affect this motion for entitlement as Plaintiff is clearly entitled to fees per 15 U.S.C. §§ 1681n(a)(3) & o(a)(2). Moreover, in measuring the level of success a plaintiff has achieved, the district court may consider the amount of damages awarded. *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (q*uoting Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (Powell, J., concurring in judgment) ("Where recovery of private damages is the purpose of ... civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.")); *see also Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (holding that "the most critical factor" in the analysis of a reasonable fee is "the degree of success obtained"). Here, Plaintiff

---

[3] Some of the costs on Mr. Balmuth's Timeslips reports actually represent only half of the true costs because Mr. Balmuth's office paid half and Massey & Duffy paid half of said costs – such as for the mediation and depositions. The receipts attached represent the full costs.

indisputably received a large verdict and a very high degree of success. Moreover, even if Plaintiff did not prevail on part of his claim, those damages would have been duplicative of those claims upon which Plaintiff did prevail. Thus, in the end, Plaintiff received from the Jury all the damages he requested.

WHEREFORE, Plaintiff respectfully requests an Order declaring him entitled to an award of attorneys' fees and costs and reserving jurisdiction to determine the amounts of those fees and costs.

**Good Faith Conference and Length**

On November 2, 2016 via email and via phone call on November 3, 2016 Plaintiff conferred in good faith with counsel for Defendant regarding fee entitlement. Defendant states that it "Yes, we can agree to entitlement, but only as to those fees incurred specifically for prosecution of the 1681e(b) claim. Obviously, by agreeing to entitlement we are not waiving any right to contest the reasonableness of the fee amount, rates, time spent, etc." No agreement was reached on costs. This document is in 14 point and has 1133 words.

Dated: November 7, 2016

**/s/ Michael Massey**
Fla. Bar No. 153680

Massey & Duffy
855 E. Univ. Ave.
Gainesville, FL 32601
352-505-8900
Massey@352law.com

**BARRY S. BALMUTH, P.A.**
**By: /s/ Barry S. Balmuth**
**BARRY S. BALMUTH**
**Board Certified Civil Trial**
**Business Litigation Lawyer**
Counsel for the Plaintiff
The Oaks Center
2505 Burns Road
Palm Beach Gardens, FL, 33410

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by filing same with the CM/ECF filing system on this November 7, 2016 which will cause a copy to be served on counsel for Defendant by email.

/s/ Michael Massey
Michael Massey, Esq.