UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RICHARD ALEXANDER WILLIAMS,

        Plaintiff,

v.                                                          Case No. 1:13-cv-00222-MW-GRJ

FIRST ADVANTAGE LNS SCREENING
SOLUTIONS, INC. f/k/a LEXISNEXIS
SCREENING SOLUTIONS, INC.,

        Defendant.
_____/

## JOINT MOTION FOR VACATUR AND DISMISSAL OF THE ACTION

        Plaintiff RICHARD ALEXANDER WILLIAMS and Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., by their attorneys and pursuant to Rules 41 and 60(b)(5) of the Federal Rules of Civil Procedure, jointly move this Court to vacate the Amended Judgment entered on November 2, 2016 (ECF No. 196) and to dismiss this action with prejudice in light of the parties' confidential settlement.  In support of this motion, the parties state as follows:

### I.    Relevant Factual and Procedural Background

        Plaintiff filed suit against First Advantage in November 2013, asserting various claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").  (ECF No. 1.)  On October 14, 2015, this Court entered an Order granting summary judgment to First Advantage with respect to Plaintiff's claims

that First Advantage violated Sections 1681b(b)(3)(A) and 1681i(a)(5)(B) of the FCRA and willfully violated Section 1681k of the FCRA.  (ECF No. 123.)

The case proceeded to a jury trial on Plaintiff's remaining claims.  On October 28, 2016, the jury returned a verdict in which it: (1) found that First Advantage had willfully violated Section 1681e(b) of the FCRA; (2) found that First Advantage did not negligently violate Section 1681k of the FCRA; and (3) awarded Plaintiff the sum of $250,000 in compensatory damages and $3,300,000 in punitive damages, with interest and exclusive of costs.  (ECF No. 189.)

On October 31, 2016, the Clerk of Court entered Judgment in favor of Plaintiff on his Section 1681e(b) claim and against First Advantage in the amount of $250,000 in compensatory damages and the amount of $3,300,000 in punitive damages, with interest and exclusive of costs.  (ECF No. 193.)  The Clerk of Court also dismissed Plaintiff's claims under Sections 1681b(b)(3)(A), 1681i(a)(5)(B), and 1681k of the FCRA.  (*Id.*)  On November 2, 2016, the Clerk of Court entered an Amended Judgment to clarify that the Judgment was entered against First Advantage and its predecessor entity.  (ECF No. 196.)

On November 9, 2016, Plaintiff filed a Motion to Determine Entitlement to Attorneys' Fees and Costs.  (ECF No. 2014).  On November 28, 2016, First Advantage filed a Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial and/or Remittitur.  (ECF No. 207.)  The Court granted

Plaintiff's Motion to Determine Entitlement to Attorneys' Fees and Costs on February 22, 2017, stating that the specific amount would be determined at the conclusion of the likely appeal. (ECF No. 216). On March 2, 2017, the Court denied First Advantage's Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial and/or Remittitur. (ECF No. 217.)

First Advantage filed a Notice of Appeal on March 31, 2017, and Case No. 17-11447 (the "Appeal") was docketed and commenced in the United States Court of Appeals for the Eleventh Circuit. (ECF No. 220.) After the parties filed their appellate briefs, a three-Judge panel heard oral argument on May 17, 2018.

The parties engaged in settlement discussions during the pendency of the Appeal, and First Advantage made an offer to Plaintiff that was set to expire at 5:00 p.m. on January 9, 2020 if not accepted by Plaintiff. On January 9, 2020 at approximately 3:25 p.m., the Eleventh Circuit issued its Opinion, affirming this Court's denial of First Advantage's Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial and/or Remittitur, to the extent that it challenged the sufficiency of the evidence regarding Plaintiff's claim for reputational harm and willfulness. (ECF No. 244). The Eleventh Circuit vacated the jury's punitive damages award and remanded the case to this Court with instructions to enter a judgment reducing the award to $1,000,000. (*Id.*) Shortly

thereafter and prior to the 5:00 p.m. deadline on January 9th, the parties agreed to settle their dispute.

On January 22, 2020, the parties finalized their settlement agreement. Although the specific terms of that agreement remain confidential, First Advantage agreed to pay Plaintiff an undisclosed amount in full satisfaction of Plaintiff's alleged compensatory and punitive damages.  First Advantage also agreed to pay Plaintiff's counsel an undisclosed amount in full satisfaction of Plaintiff's attorneys' fees and expenses.  In return, Plaintiff agreed to fully and completely release First Advantage from all judgments, obligations, debts, or damages, including attorneys' fees and costs, that arise out of any background report First Advantage prepared on Plaintiff.  The parties also agreed: (1) not to file a petition for rehearing or a petition for rehearing en banc with the Court of Appeals or a petition for certiorari with the United States Supreme Court; and (2) to move the Court to vacate its judgment and to dismiss this lawsuit with prejudice.  First Advantage paid the consideration under the parties' settlement agreement to Plaintiff and his counsel on January 27, 2020, and on February 4, 2020, Plaintiff and his counsel confirmed that the consideration tendered by First Advantage had resulted in cleared funds.

## II.     Argument

"A district court may relieve a party from a final judgment, order or proceeding if the judgment has been satisfied, released or discharged . . . ." Fed. R. Civ. P. 60(b)(5).  As the Eleventh Circuit explained, this provision applies when, among other situations, the "obligor has paid the judgment debt." *Gibbs v. Maxwell House, A Div. of Gen. Foods Corp.*, 738 F.2d 1153, 1155 (11th Cir. 1984).  Here, both parties agree that First Advantage has paid Plaintiff the amounts owed for his alleged compensatory and punitive damages and has satisfied the judgment.  The parties also agree that Plaintiff has expressly released First Advantage from all judgments, obligations, debts, or damages related to any background reports First Advantage has prepared on Plaintiff.  Thus, Federal Rule of Civil Procedure 60(b)(5) authorizes this Court to vacate its judgment.

The balance of equities also favors vacatur.  Although the parties acknowledge the importance of final judgments and judicial precedent, those concerns are allayed when, as here, the vacatur would not eliminate any of the Court's substantive opinions.  *See Mayes v. City of Hammond, Ind.*, 631 F. Supp. 2d 1082, 1089 (N.D. Ind. 2008) (granting motion to vacate the jury verdict and final judgment only, which would "not diminish the effect of judicial precedent").  Vacatur will also preserve judicial resources and ensure the finality of this litigation.  In light of these considerations, and the parties' consent to this motion,

the vacation of the Court's November 2, 2016 Amended Judgment is appropriate, and this action should be dismissed with prejudice.

### III.   Conclusion

For these reasons, the parties jointly move the Court to vacate its November 2, 2016 Amended Judgment (ECF No. 196), to deny Plaintiff's Motion to Determine Entitlement to Attorneys' Fees and Costs (ECF No. 216) as moot, and to dismiss this action with prejudice.  A proposed Order for the Court's consideration is attached.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), counsel for both parties certify that they have conferred about this motion, and both parties seek the relief requested.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), the parties hereby certify that the above JOINT MOTION FOR VACATUR AND DISMISSAL OF THE ACTION contains 1,193 words.

Respectfully submitted,

| RICHARD ALEXANDER WILLIAMS | FIRST ADVANTAGE BACKGROUND SERVICES CORP. |
|---|---|
| By s/ Barry S. Balmuth<br>　Barry S. Balmuth<br>　Balmuthlaw@alum.emory.edu<br>　Barry S. Balmuth, B.C.S.<br>　The Oaks Center<br>　2505 Burns Road<br>　Palm Beach Gardens, Florida 33408<br>　Telephone: (561) 242-9400<br>　Facsimile: (561) 366-2650<br><br>　Michael Massey<br>　Florida Bar No. 153680<br>　massey@352law.com<br>　Massey & Duffy<br>　855 E. University Avenue<br>　Gainesville, Florida 32601<br>　Telephone: (352) 505-8900<br><br>　Counsel for Plaintiff | By s/ Frederick T. Smith<br>　Joseph S. Turner<br>　Illinois Bar No. 6195834<br>　jturner@seyfarth.com<br>　Jason M. Torres<br>　Illinois Bar No. 6278611<br>　jtorres@seyfarth.com<br>　SEYFARTH SHAW LLP<br>　131 South Dearborn Street, Suite 2400<br>　Chicago, Illinois 60603<br>　Telephone: (312) 460-5972<br>　Facsimile: (312) 460-7972<br><br>　Frederick T. Smith<br>　Georgia Bar No. 657575<br>　fsmith@seyfarth.com<br>　SEYFARTH SHAW LLP<br>　1075 Peachtree Street, N.E.<br>　Suite 2500<br>　Atlanta, Georgia 30309-3958<br>　Telephone: (404) 888-1021<br>　Facsimile: (404) 892-7056<br><br>　Lead Counsel for First Advantage Background Services Corp. |

Date: February 11, 2020

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RICHARD ALEXANDER WILLIAMS,

    Plaintiff,

v.    Case No. 1:13-cv-00222-MW-GRJ

FIRST ADVANTAGE LNS SCREENING
SOLUTIONS, INC. f/k/a LEXISNEXIS
SCREENING SOLUTIONS, INC.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

I certify that on February 11, 2020, I electronically filed the JOINT MOTION FOR VACATUR AND DISMISSAL OF THE ACTION with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| Barry S. Balmuth | Michael Massey |
| Barry S. Balmuth, B.C.S. | Massey & Duffy, PLLC |
| The Oaks Center | 855 E. University Avenue |
| 2505 Burns Road | Gainesville, Florida 32601 |
| Palm Beach Gardens, Florida 33410 | |

                                            *s/ Frederick T. Smith*
                                            Attorney for Defendant